■ CORA KOHLMANN et al., Respondents, v. CITY OF NEW YORK, Appellant. — The judgment appealed from is unanimously reversed on the facts and on the law, and in the exercise of discretion, and a new trial ordered, with costs to appellant. Trial tactics of plaintiffs' counsel in the manner and content of his cross-examination, his comments and the expression of his personal views, exceeded the bounds of propriety and evinced a determination to convey to the jury his own characterization and appraisal of the witnesses for the defendant. His conduct appears to have been calculated to influence the jury by considerations which were not legitimately before them, and cannot be dismissed as inadvertent, thoughtless or harmless. Parties to a trial, civil or criminal, have a right to have the case determined on the facts and the law applicable thereto. When misconduct of counsel in interrogation or summation so violates the rights of the other party to the litigation that extraneous matters beyond the proper scope of the trial may have substantially influenced or been determinative of the outcome, such breaches of the rules will not be condoned. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Cherry Creek Nat. Bank* v. *Fidelity & Cas. Co.*, 207 App. Div. 787 (on summation): *People* v. *Carborano*, 301 N. Y. 39; *Loughlin* v. *Brassil*, 187 N. Y. 128.) It is regrettable that despite the apparent strength of the plaintiffs' case a new trial must be ordered in the interests of justice. Concur — Botein, P. J., M. M. Frank, Valente, McNally and Stevens, JJ.

■ CHRISTINE LIBONATI et al., Respondents, v. IRENE EHRLICH et al., Appellants. — Judgment in favor of plaintiff wife unanimously affirmed, with costs; the judgment in favor of plaintiff husband for loss of services unanimously reversed, on the facts, on the ground of excessiveness, and a new trial directed, unless plaintiff husband, within 10 days after the entry of the order hereon, stipulates to reduce the judgment in his favor individually to $5,000, in which event the judgment, as so modified, is affirmed, all with costs to respondents. Should plaintiff husband fail to stipulate for the reduction aforesaid, the new trial in his action is to be limited to an assessment of damage. The contention of defendants that the plaintiff husband's judgment is invalid in that the $2,500 verdict awarded in the first trial has never been set aside is not considered in view of the record. The defendants withdrew their motion for a severance and proceeded to trial on the plaintiff husband's cause of action and, accordingly, cannot now be heard to contest the same on the grounds asserted. Settle order on notice. Concur — Botein. P. J., M. M. Frank, Valente, McNally and Stevens, JJ.