OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff’s intestate, Marianne Sutton, was killed when her automobile was struck by a tractor trailer owned by defendant Piasecki Trucking, Inc., and driven by its employee, defendant Kerstanski. The accident occurred in the early afternoon of February 3, 1977 when the Sutton vehicle, proceeding southerly on Lakes Road in the Town of Blooming Grove, apparently passed through a stop sign controlling its travel and turned left into the path of the truck operated by defendant Kerstanski which was proceeding westerly on New York State Route 94. After trial, the jury found a verdict in plaintiff’s favor and apportioned fault for causing the accident 99% to the operator of the Sutton vehicle and 1% to defendant Kerstanski. On motion by plaintiff, the trial court set aside the verdict and ordered a new trial. The Appellate Division reversed, denied plaintiff’s motion and reinstated the verdict. On this appeal plaintiff contends that the trial court’s instructions to the jury were erroneous in several respects..
It appears from the evidence that immediately before impact plaintiff’s intestate had driven her vehicle from Lakes Road into the westbound lane of Route 94 in an attempt to turn left and proceed easterly. As she did so, defendant Kerstanski veered his truck to the left across the center line to avoid impact and the right front of the truck struck the center of the Sutton vehicle somewhere near the center of Route 94. It does not appear from the evidence that the Sutton vehicle ever crossed the center line or turned fully to proceed east on the highway. Accordingly, we find no error in the court’s refusal to charge subdivision (a) of section 1120 and section 1121 of the Vehicle and Traffic Law which required defendant driver to operate his vehicle in the right-hand lane of travel. His failure to do so *802 in this emergent situation, if not excused, could not have been a proximate cause of the accident which occurred.
Moreover, we find no error in the court charging, pursuant to section 1172 of the Vehicle and Traffic Law, that plaintiff’s intestate was obliged to bring her vehicle to a stop when she approached the stop sign controlling southbound traffic on Lakes Road. While there was no direct evidence that plaintiff’s intestate failed to stop at the sign, there was substantial circumstantial evidence from which the jury could infer that she had failed to do so and defendants were entitled to a charge upon the statutory responsibilities imposed upon her at the time.
Plaintiff also urges that the trial court’s failure to marshal the evidence was reversible error in this case. The error, if such it was, was not preserved for our review by timely exception (CPLR 4110-b).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum.