█ RUSSELL DIJKSTRA, Plaintiff, v MILLAR ELEVATOR INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Respondent. STANLEY STAHL et al., Third-Party Defendants; LEROY SOMER, INC., Third-Party Defendant-Appellant. [644 NYS2d 284] █

The instant action arose out of an accident wherein the plaintiff was injured when an elevator in which he was riding suddenly plunged to the bottom of the elevator shaft. He

brought an action against Millar Elevator Industries, Inc. (hereinafter Millar), who maintained and serviced the elevator in question. Millar, who commenced a third-party action against others who are not involved in this appeal, commenced a second third-party action against Emerson Electric Company (hereinafter Emerson), the manufacturer of the elevator equipment, to recover damages for, *inter alia,* products liability, alleging manufacturing and design defects as well as defective warnings. Emerson sought, *inter alia,* to compel Millar to provide further responses to its interrogatories.

A party is entitled to "full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). The words "material" and "necessary" are to be liberally interpreted *(Johantgen v Hobart Mfg. Co.,* 64 AD2d 858) and a defendant in a products liability action is entitled to know which parts of a product are claimed to be defective and the nature of the alleged defects *(see, Wiseman v American Motors Sales Corp.,* 101 AD2d 859). Accordingly, Millar's responses to interrogatories 8, 12 through 16, 25, 28 through 31, and 67 through 71, as propounded by Emerson, were insufficient. If Millar intends to limit its claims to only one particular object or piece of equipment, it should provide a sworn statement to that effect. Otherwise, it should answer the interrogatories as written.

With respect to interrogatory 8 (c), which relates to Millar's claim of defective warnings, Emerson is entitled to know what language is deemed to have been inadequate in the warnings concerning the elevator equipment *(see, Brown v Daisy Mfg. Co.,* 129 AD2d 996). Moreover, interrogatories 67 through 71 are proper requests in view of the fact that the claimed defective part was repaired and/or altered by Millar long before Emerson was brought into the case and had a chance to physically examine the part *(see, Kaplan v Einy,* 209 AD2d 248, 252; *Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733).

With respect to the responses to the remaining interrogatories challenged on this appeal, Emerson failed to challenge them before the Supreme Court *(see, Matter of Allstate Ins. Co. v Bieder,* 212 AD2d 693). Accordingly, we do not address them on this appeal. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.