■ JUSTY RAMIREZ, Respondent, v SEARS, ROEBUCK & CO., Appellant. [653 NYS2d 944] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered January 4, 1996, which, upon separate verdicts as to liability and damages, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted on the issue of liability, with costs to abide the event. The jury's findings of fact as to damages as so reduced by the order of the Supreme Court, Kings County, are affirmed.

The plaintiff suffered an amputation of his right thumb, a partial amputation of his right index finger, and an open fracture of his right middle finger while operating a table saw manufactured by Emerson Electric Co. for the defendant Sears, Roebuck, & Co. By summons and complaint dated May 18, 1989, the plaintiff commenced an action against the defendant claiming that the saw was improperly designed and did not have proper warnings. A bifurcated trial was held, after which, on the issue of liability, the jury found (1) that the there was a design defect in the subject saw, (2) that the defendant failed to give adequate warnings regarding the use and dangers of the subject saw, (3) that the failure to give adequate instructions regarding the use of the saw was a proximate cause of the plaintiff's injuries, and (4) that the plaintiff had not been negligent. We now reverse.

The courts may set aside a jury verdict and grant a new trial when the jury's determination is palpably incorrect and a substantial injustice would be done if the verdict was sustained (*see, Nicastro v Park,* 113 AD2d 129, 133). The operative factor in the court's determination as to whether to set aside a jury's verdict is a finding that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Nicastro v Park, supra,* at 134). Here, the jury's finding of no negligence on the part of the plaintiff could not have been reached upon a fair interpretation of the evidence, since the plaintiff admitted at trial that he knew that the blade guard had a safety purpose, but that after a search of the immediate area for the missing blade guard proved fruitless, he decided to use the saw anyway. The plaintiff's further testimony that he failed to read the warnings on the saw, which included a directive not to use the saw without the blade guard, is additional evidence of negligence on his part.

The court erred when it permitted testimony of prior accidents involving the same table saw, since there was no proof that the accidents were, in their relevant details and circumstances, substantially similar to the subject accident (*see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328). Additionally, since one of the defendant's claims at trial was that the removal of the "table insert" was the proximate cause of the plaintiff's injuries, the court also erred by not charging the jury with respect to the table insert.

The defendant's claims with regard to the damages trial are without merit. The award of damages as reduced by the Supreme Court is not excessive.

In light of our determination, we need not address the defendant's remaining contentions. O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.