■ JUSTY RAMIREZ, Appellant-Respondent, v SEARS, ROEBUCK AND Co., Respondent-Appellant. [729 NYS2d 503] —In an action to recover damages for products liability, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Jackson, J.), dated February 22, 2000, which denied his motion for an award of interest calculated from the date of the first liability verdict rather than from the date of the second liability verdict, (2) from stated portions of an order of the same court, dated July 13, 2000, which, *inter alia,* denied that branch of his motion which was, in effect, to direct that a portion of the future damages award be paid in a lump sum, and (3), as limited by his brief, from stated portions of an amended judg-

ment of the same court, dated July 21, 2000, which, *inter alia*, failed to award interest calculated from the date of the first liability verdict, and the defendant cross-appeals from so much of the same judgment as, in effect, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the amended judgment is reversed insofar as cross-appealed from, on the law, and the complaint is dismissed; and it is further,

Ordered that the appeal from the amended judgment is dismissed as academic in light of our determination of the cross appeal; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal and cross appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff suffered severe injuries to his hand while working at Freeport Paper Co. (hereinafter Freeport) and operating a table saw manufactured by Emerson Electric Co. for the defendant, Sears, Roebuck & Co. It is undisputed that the safety guard for the table saw was designed to be easily removed from the saw blade in order to permit an operator to make "non-thru cuts," and to facilitate the maintenance and repair of the blade and the guard. Warnings on the saw and in the safety manual instructed that the blade guard must be in place over the blade before making a "thru cut." The plaintiff testified that before the accident, the guard was not in place over the blade, and that a search of the immediate area to locate the guard proved fruitless. Nevertheless, despite the absence of the guard, the plaintiff used the saw to make a "thru cut" and the accident ensued.

In 1989 the plaintiff commenced an action against the defendant claiming, *inter alia*, that the saw was improperly designed. After a trial the jury found that the defendant was 100% at fault in the happening of the accident. On appeal, however, this Court ordered a new trial, holding, *inter alia*, that the jury's finding of no negligence on the part of the plaintiff could not have been reached upon a fair interpretation of the evidence (*see, Ramirez v Sears, Roebuck & Co.,* 236 AD2d

530). After a second trial the jury concluded, *inter alia*, that there was a design defect and that the defendant was 50% at fault in the happening of the accident. On appeal, the defendant argues that the verdict should be set aside due to the plaintiff's failure to establish a prima facie case. We agree.

To establish a prima facie case in a strict products liability action predicated on a design defect, a plaintiff must show that the manufacturer marketed a product which was not reasonably safe in its design, that it was feasible to design the product in a safer manner, and that the defective design was a substantial factor in causing the plaintiff's injury (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102). The only evidence that the saw was defectively designed was the opinion of the plaintiff's expert, a mechanical engineer. The expert opined that inasmuch as the saw guard was made to be removable, the failure to have the guard tethered to the saw itself, so that it would not be misplaced when it was removed, was a dangerous and defective design. The expert further stated that this condition could have been readily corrected by attaching the guard to a chain which was affixed to the saw. Thus, the expert concluded that this "design defect" was the proximate cause of the plaintiff's accident.

However, the expert's opinion was not supported by foundational facts or any other type of evidence. Accordingly, it was a conclusion which was "unencumbered by any trace of facts or data [and thus] should be given no probative force whatsoever" (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534, n 2; *see also, Adamy v Ziriakus*, 92 NY2d 396). The evidence adduced at trial demonstrated that no table saw, such as the one involved in this accident, has ever been manufactured with a removable guard which somehow remains attached to the saw (via a chain or otherwise) after the guard is removed. There was also no proof that any design or work place safety standard requires such attachment.

Moreover, no proof was adduced to demonstrate that the alleged design defect was the proximate cause of the plaintiff's accident. All of the evidence showed that the saw in question was used at Freeport only for "thru-cutting" (i.e., when the guard is to be attached) and was never used for "non-thru cutting" (i.e., when the guard has to be detached). Thus, there was nothing to show why the guard had been removed in the first place. Indeed, given the fact that the saw was not used for non-thru cutting, the plaintiff failed to prove that the removal of the guard was an inadvertent occurrence rather than an intentional act that would have been prevented by the design

change suggested by the plaintiff's expert. "Where the evidence adduced reveals the existence of several possible causes of an injury, for one or more of which the defendant is not responsible, a plaintiff cannot recover without proving the injury was sustained wholly or in part by reason of the defendant's negligence" (*LaPaglia v Sears Roebuck & Co.*, 143 AD2d 173, 176; *see also, Bernstein v City of New York,* 69 NY2d 1020, 1021-1022). The plaintiff failed to prove that the injury was sustained wholly or in part by reason of the defendant's negligence.

Accordingly, for the above reasons, we conclude that the amended judgment in the plaintiff's favor must be reversed and the complaint dismissed. In light of this determination, the plaintiff's appeal from the amended judgment is academic. Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.