■ RACHEL J. HENRY et al., Appellants, v ADVANCE PROCESS SUPPLY COMPANY et al., Respondents. (And a Third-Party Action.) [754 NYS2d 345] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated April 18, 2001, as denied those branches of their motion which were for summary judgment on the issue of liability and to compel further disclosure.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to compel disclosure of legal expenses paid in defense of this action, and substituting therefor a provision granting that branch of the motion to the extent that such expenses were paid by the defendant Advance Process Supply Company; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiffs failed to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability. Therefore, the Supreme Court properly denied that branch of their motion which was for summary judgment on that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see also McArdle v Navistar Intl. Corp., 293 AD2d 931; Ramirez v Sears, Roebuck & Co., 286 AD2d 428; Felix v Akzo Nobel Coatings, 262 AD2d 447).

However, the Supreme Court erred in denying that branch of the plaintiffs' motion which was to compel disclosure of certain legal expenses paid by the defendants. "A party is entitled to 'full disclosure of all evidence material and necessary in the prosecution or defense of an action'" (Dijkstra v Millar El. Indus., 228 AD2d 469, 470, quoting CPLR 3101 [a]). Under the terms of the excess liability insurance policy under which the defendant Advance Process Supply Company (hereinafter Advance) is an insured, any legal fees paid by Advance in defense of this action reduce the amount of the listed "self-insured retention." Because the amount of self-insurance for which Advance would be responsible would be reduced by the amount of legal fees it paid in the defense of this action, such fees are discoverable. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.