■ FATIMA PAREJA, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [854 NYS2d 380]—

Plaintiff was allegedly injured when the bus on which she was a passenger hit a pillar on White Plains Road. At trial, the bus driver testified that he swerved to avoid an oncoming car that cut in front him.

There is no evidence that the offensive summation remarks of defense counsel cited by plaintiff improperly affected the verdict (*cf. Kohlmann v City of New York*, 8 AD2d 598 [1959]). Moreover, these remarks were brief and, after a 12-day trial with numerous witnesses, were unlikely to have affected the outcome. We nonetheless observe that the remarks of defense counsel were uncalled for. There is no justification for attacking the credibility of opposing counsel. The veracity of counsel is simply not a subject for summation.

There was nothing improper about admitting into evidence plaintiff's verified bill of particulars (*see Owen A. Mandeville, Inc. v Zah*, 38 AD2d 730 [1972], *affd* 35 NY2d 769 [1974]) to demonstrate her alleged failure to provide notice of prior injuries. Statements and allegations in pleadings are always admissible as evidence, and may be used for any legitimate purpose at trial (*Holmes v Jones*, 121 NY 461 [1890]).

There was no requirement to charge sections of the Vehicle and Traffic Law that have no relevance or reasonable connection to the manner in which the accident is said to have occurred (*see Sutton v Piasecki Trucking*, 59 NY2d 800 [1983]; *Vail-Beserini v Rosengarten*, 267 AD2d 812 [1999]). The sections cited by plaintiff were not relevant to this accident.

We have reviewed the balance of plaintiff's argument and find it without merit. Concur—Mazzarelli, J.P., Saxe, Buckley and Catterson, JJ.