Hernandez v Consolidated Edison Co. of N.Y., Inc. (2021 NY Slip Op 05813)





Hernandez v Consolidated Edison Co. of N.Y., Inc.


2021 NY Slip Op 05813


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 153726/13 Appeal No. 14470 Case No. 2020-02611 

[*1]Ramon Hernandez, Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent.


Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for appellant.
Heriberto A. Cabrera, Brooklyn, for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about October 9, 2019, which denied the motion of defendant Consolidated Edison Company of New York, Inc. (Con Ed) to set aside a jury verdict in favor of plaintiff on the issue of liability and awarding him $70,000 for past pain and suffering, $93,750 for future pain and suffering, $176,175 for past lost earnings, and $207,307 for future lost earnings, unanimously affirmed, without costs.
The trial evidence amply supported the jury's verdict that Con Ed was negligent in rewiring subterranean electrical cables so that their phases were switched, causing three-phase machinery of downstream customers to operate in reverse (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Con Ed workers were aware of the phase switch, and had been alerted to the fact that a nearby supermarket's conveyer belt rolled backwards and that a residential building's elevator was not operational. Nevertheless, Con Ed did nothing to alert the owner of the bakery to this fact, and when plaintiff baker used a bread machine, its rollers reversed, pulling his hand into it. The jury's finding of zero culpable conduct on the part of plaintiff was also supported by the evidence, since no evidence was adduced that plaintiff, an experienced baker who was familiar with the bread machine, was aware of the phase switch or of the possibility that the bread machine could operate in such a manner (compare Williams v Hooper, 82 AD3d 448 [1st Dept 2011]; Ramirez v Sears, Roebuck & Co., 236 AD2d 530 [2d Dept 1997]).
It was not inconsistent for the jury to award damages for future pain and suffering but make no award for future medical expenses (see Barry v Manglass, 55 NY2d 803, 805 [1981]). In any event, any claim of inconsistency was waived by Con Ed because it failed to object prior to the jury being discharged (see Farrugia v 1440 Broadway Assoc., 188 AD3d 563 [1st Dept 2020]). Nor were the damages excessive. While Con Ed contested the claim that plaintiff's crush and shear injury, which required 21 stiches at the hospital and 1½ years of physical therapy, resulted in nerve and functional damage, and instead argued that such damage was a pre-existing repetitive stress injury, plaintiff's treating physician and hand expert testified to the contrary, and the jury credited their testimony. The award of past and future economic loss was sufficiently supported, where plaintiff's employer testified as to plaintiff's salary and fringe benefits (see Waring v Sunrise Yonkers SL, LLC, 134 AD3d 488 [1st Dept 2015]).
Defendants' contention that a new trial is warranted because of the content of plaintiff's counsel's summation is unpreserved. The court sustained the single objection made by counsel for Con Ed during plaintiff's counsel's summation, and issued, sua sponte, a curative instruction to the jury, advising it that the credibility of counsel was not at issue in the trial. Con Ed made no objection [*2]to the adequacy of the instruction, and it did not move for a mistrial. In any event, the summation of plaintiff's counsel was not inflammatory or unduly prejudicial such as to require a new trial (see Gregware v City of New York, 132 AD3d 51, 61 [1st Dept 2015]; Pareja v City of New York, 49 AD3d 470 [1st Dept 2008]).
We have considered Con Ed's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021