■ JOHN BANKS, Appellant, v MAKITA, U.S.A., INC., et al., Respondents. [641 NYS2d 875] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (McCabe, J.), dated March 30, 1995, which granted the defendants' separate motions for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered April 18, 1995, upon the order, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff injured his hand building saddle racks for the defendant Patrick M. Rice, at Rice's home, while using a power

saw without a blade guard. The saw, acquired for Rice by the plaintiff, was manufactured and distributed by the defendants Makita, U.S.A., Inc. and Makita Electrical Works, Ltd. (hereinafter the Makita defendants). The plaintiff commenced this action against the defendants to recover damages under theories of negligence, strict products liability, and breach of warranty. The Makita defendants subsequently moved and Rice separately moved for summary judgment dismissing the complaint. In granting the motions, the Supreme Court found, as a matter of law, that the Makita defendants had no duty to warn the plaintiff of the saw's danger because the plaintiff was already aware of such danger, and that the duty to warn was, in any event, satisfied by the instruction manual and warning labels affixed to the saw. As to Rice, the Supreme Court found that he had no duty to warn the plaintiff of a defect which was patent. We affirm.

The plaintiff's claim that the Makita defendants failed to warn him of the risks inherent in the saw is not supported by the evidence and is controverted by his own admitted knowledge of the risks and hazards of using a saw, and his actions in using a "push-stick" to minimize those known dangers. The duty to warn of a product's danger does not arise when the injured party is already aware of the specific hazard or the danger is readily discernible (*see, Lonigro v TDC Elecs.,* 215 AD2d 534; *Baptiste v Northfield Foundry & Mach. Co.,* 184 AD2d 841; *Lombard v Centrico, Inc.,* 161 AD2d 1071). Here, the plaintiff, an experienced apprentice carpenter, was well aware of the dangers presented by a saw blade. Further, a warning label affixed to the saw cautioned against using the saw without a guard and advised the user to read the instruction manual. The plaintiff has failed to demonstrate that these warnings were inadequate (*see, Lombard v Centrico, Inc., supra,* at 1072).

Moreover, a plaintiff whose claim is based on inadequate warnings must prove causation, i.e., that if adequate warnings had been provided, the product would not have been misused (*see, Johnson v Johnson Chem. Co.,* 183 AD2d 64, 70). Here, the plaintiff has made no such showing. As to Rice, even assuming the plaintiff's factual assertions are true, he has failed to come forward with evidence that he would have used the guard had it been made available to him. Absent proof of causation, the claim against Rice was also properly dismissed.

The plaintiff also contends that the table saw was defectively designed in that the blade guard was not permanently attached and that this defective design was the cause of his injuries. Contrary to the plaintiff's contentions, the use of a power saw

would be limited and rendered useless for many of its intended functions if a blade guard were permanently attached; the plaintiff's expert conceding as much. The plaintiff has failed to present evidence that the saw was not reasonably safe and that it was feasible to design the product in a safer manner (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107-109).

The plaintiff's claim that the saw contained manufacturing defects was not supported by the record. No evidence was presented to establish that the saw's "rip fence" was not manufactured in accordance with the Makita defendants' plans and specifications. The conclusory statements of the plaintiff's expert are insufficient to establish a claim for manufacturing defects (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525; *Baptiste v Northfield Foundry & Mach. Co., supra; Lombard v Centrico, Inc., supra*). Thompson, J. P., Santucci, Joy and Altman, JJ., concur.