■ ROGER A. DAVID et al., Respondents, v MAKITA U. S. A., INC., Appellant, et al., Defendant. [649 NYS2d 149] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered April 1, 1996, which denied defendant-appellant's motion for summary judgment dismissing plaintiffs' causes of action for negligent manufacture, negligent design and negligent failure to warn, unanimously modified, on the law, to the extent of granting the motion insofar as it sought to dismiss plaintiffs' causes of action for negligent manufacture and failure to warn, and for negligent design with respect to the blade guard, and otherwise affirmed, without costs.

The within action seeks damages for injuries suffered by plaintiff Roger Avi David when his hand was severely cut by a table saw manufactured by defendant-appellant. According to plaintiff, the accident occurred when plaintiff, who had just finished sawing through a piece of wood, bent down to pick up a piece which had fallen to the floor, at which point his hand brushed up against the still spinning blade. Plaintiff admits that he had not attached the blade guard, which was provided with the saw but not attached thereto. Plaintiffs contend that the injuries were a result of defendant's failure to attach the blade guard permanently to the machine or to install an automatic brake system which would have stopped the blade from spinning as soon as the saw was turned off.

First, we find that plaintiffs' cause of action for negligent manufacture must be dismissed. The "essence of such a claim is that a product did not perform as intended because it was misconstructed" (*Cramer v Toledo Scale Co.,* 158 AD2d 966, 967). In this matter, there is no allegation that the saw failed to perform in accordance with its design, which did not include either a permanently affixed blade guard or brake. Since there is no indication that the machine was designed to provide either of these safety precautions, there is no basis for a claim that it was negligently manufactured.

Moreover, plaintiffs' claim that the machine was negligently designed because it failed to provide these safety features must also be dismissed insofar as it is based on plaintiffs' claim that the blade guard should have been permanently installed. The evidence presented on the motion established that this was

deliberately done so that the blade could be removed to permit the use of the saw in special types of sawing in which the blade did not saw through the wood completely, in which case the wood itself would guard the blade. Since plaintiffs failed to present any expert testimony indicating that the use of a removable blade guard rendered the saw not reasonably safe for its intended use, they have failed to establish a triable issue of fact as to their claim that this feature constituted negligent design. However, we find that plaintiff's cause of action for negligent design insofar as it is based on the failure to install a brake should stand. In particular, in light of the description of the circumstances of the accident we reject defendant's argument that there was no question of fact as to whether a brake which would have automatically stopped the blade as soon as the saw was turned off would have prevented the accident. Moreover, questions of fact remain as to whether the inclusion of such a feature would have been feasible.

Finally, we find that plaintiffs' claim of failure to warn must be dismissed. This cause of action is not based on any alleged deficiency in the instruction manual, which plaintiff Roger Avi David does not claim to have read, but on the alleged failure of defendant to provide any warnings on the saw itself. However, defendant has submitted a photocopy of a label and serial number plate for the particular model saw, which specifically advises that the blade guard should be used for all "through sawing" and also states, "For your own safety read instruction manual before operating saw". In light of this submission, plaintiffs' failure to provide any evidentiary support for their contention that the saw bore no warnings, in spite of their admission that they were still in possession of the subject saw, warrants a finding of summary judgment in defendant's favor. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.