■ JOHN SECONE, Appellant, v RAYMOND CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. ALFA-LAVAL SEPARATION, INC., Third-Party Defendant-Respondent. [658 NYS2d 1021] —In an action, inter alia, to recover damages for products liability, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered May 30, 1996, as granted that branch of the defendants' motion which was for summary judgment dismissing the products liability causes of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, an employee of the third-party defendant Alfa-Laval Separation, Inc. (hereinafter Alfa-Laval), allegedly sustained personal injuries when the forklift he was operating collided with a vehicle operated by a coworker. At the time of the accident the plaintiff was backing the forklift down a ramp, and he allegedly sustained an injury to his knee when it came into contact with the interior of the operator compartment of the forklift.

The forklift was manufactured by the defendant Raymond Corporation in 1975 and was originally built at the request of the defendant Royce W. Day Company, Inc. (hereinafter Royce Day), for sale to International Business Machines. In 1980 or 1981 Royce Day re-sold the forklift to Alfa-Laval, where it was used continuously until the date of the plaintiff's accident, March 27, 1989. The plaintiff used forklifts on a daily basis, and he first used the forklift at issue in 1981. During the course of a normal workday he used the forklift at issue between one and ten times.

The plaintiff claims that the forklift was defectively designed because it lacked padding on the inside panel which his knee struck, and lacked a conventional braking system in addition to the so-called "dead man's brake" system, with which it was equipped. He contends that a conventional braking system would have provided for shorter stopping distances. He further alleges that no warning labels regarding proper usage of the forklift were provided.

We agree with the Supreme Court that the defendants established that neither the operator's compartment of the forklift nor the brakes were defectively designed or manufactured. The affidavit submitted by the plaintiff's expert was insufficient to raise any triable issues of fact. It consisted primarily of speculative allegations with no independent factual basis, and established that any expertise the expert possessed was not related to the manufacture of the product, the forklift, which is the subject of the plaintiff's action (see, Fallon v Hannay & Son, 153 AD2d 95, 101). Furthermore, the defendants established that an appropriate warning label was affixed to the forklift in 1979, and the plaintiff was a knowledgeable and experienced forklift operator who had operated the forklift in question on many occasions over many years. A cause of action based upon a failure to warn cannot stand when the injured party is already aware of the specific hazard, or where the danger is discernible (see, Banks v Makita, U.S.A., 226 AD2d 659; Lonigro v TDC Elecs., 215 AD2d 534; Neri v John Deere Co., 211 AD2d 915). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.