■ Yong Hwan Chae, Plaintiff, v Lee National Corporation et al., Defendants. (And Other Actions.) YMC Construction and Services, Inc., Fourth-Party Plaintiff-Appellant, v York Scaffold Equipment Corp., Fourth-Party Defendant-Respondent. (And Another Action.) [690 NYS2d 238] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about May 8, 1998, which, to the extent appealed from, granted the motion of fourth-party defendant York Scaffold Equipment Corp. for summary judgment dismissing the fourth-party complaint of YMC Construction and Services, Inc., unanimously affirmed, without costs.

The IAS Court's dismissal of YMC's fourth-party complaint seeking common-law indemnification from York Scaffold Equipment Corp. (York) was proper. It is clear from this record that York had no supervision over plaintiff's work and that it was not negligent in its leasing of the scaffolding from which plaintiff fell. Although, at the time the scaffolding was rented, York provided written warnings that the scaffolding should be used with guardrails, plaintiff's supervisor specifically declined to accept the guardrail assembly. YMC has failed to raise an issue as to the adequacy of the warnings provided by York (see, Banks v Makita, U.S.A., 226 AD2d 659, 660, lv denied 89 NY2d 805), and, in any event, there is no sustainable claim that inadequate warnings were a cause of plaintiff's harm (see, supra). Plaintiff's deposition testimony disclosed that, as an experienced scaffold laborer, plaintiff was acutely aware of the dangers of working upon a scaffold without a guardrail and it is inconceivable that a better warning would have improved his understanding of the relevant risks (see, supra). Indeed, where, as here, "the injured party is already aware of the specific hazard", the duty to warn does not even arise (supra, at 660).

We have reviewed appellant's remaining arguments and find

them unavailing. Concur—Rosenberger, J. P., Williams, Rubin, Mazzarelli and Friedman, JJ.