■ HECTOR SANCHEZ et al., Respondents, v OTTO MARTIN MASCHINENBAU GMBH & Co., Appellant, et al., Defendant. (And Other Actions.) [722 NYS2d 140] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about September 28, 2000, which, to the extent appealed from, denied those branches of the motion of defendant manufacturer Otto Martin Maschinenbau GmbH & Co. (Otto Martin) that sought summary judgment dismissing plaintiff's strict liability and negligence claims based on alleged design defects, unanimously affirmed, without costs.

Plaintiff was allegedly injured when, while making non-

through angle cuts using a table saw manufactured by defendant Otto Martin, two of his fingers were caught in the saw's unguarded blade. Although the table saw was equipped with a guard, it allegedly was not deployed over the blade at the time of plaintiff's accident.

While plaintiff's opposing papers failed to create triable issues of fact with respect to Otto Martin's claim that the blade guard had been designed to be removed and the saw designed to be operable without the guard in place to increase its versatility and utility (*see, David v Makita U.S.A.*, 233 AD2d 145; *Banks v Makita,U.S.A.*, 226 AD2d 659, *lv denied* 89 NY2d 805), and, raised no issue as to whether the saw's lack of an interlock constituted a design defect (*see, Van Buskirk v Migliorelli*, 185 AD2d 587, *lv denied* 80 NY2d 761), issues of fact as to whether the subject saw was affected by a design defect were raised by the contention of plaintiff's expert that the saw should have been equipped with an "over the arm or Brett Guard" which would have allowed non-through cuts without its removal (*see, Arbaiza v Delta Intl. Mach. Corp.*, 1998 US Dist LEXIS 17886, 1998 WL 846773 [ED NY, Oct. 5, 1998]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102). Concur—Rosenberger, J. P., Williams, Mazzarelli, Andrias and Rubin, JJ.