■ Mary E. Martino et al., Appellants, v Sullivan's of Liberty, Inc., Defendant and Third-Party Plaintiff, and Can-Am Trading Co., Inc., Defendant and Third-Party Plaintiff-Respondent. Les Enterprises St.-Ferdinand, Third-Party Defendant-Respondent. [722 NYS2d 884] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated November 29, 1999, as (1) granted the separate motions of the defendant Can-Am Trading Co., Inc., and the third- and second third-party defendant for summary judgment dismissing the complaint, and (2) denied, as academic, that branch of their motion which was to amend the summons and complaint to assert a direct claim against the third- and second third-party defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Mary Ellen Martino allegedly sustained personal injuries as a result of a tobogganing accident. The injured plaintiff and her husband commenced this action against both the store where they purchased the toboggan and the distributor, alleging that they were negligent in failing to provide warnings about the risks of using the toboggan. After depositions were conducted, the plaintiffs moved to amend their pleadings to assert a direct claim against the manufacturer, the third- and second third-party defendant Les Enterprises St.-Ferdinand. The Supreme Court denied the plaintiffs' motion and dismissed the complaint, concluding that there was no duty to warn since the risks of tobogganing were obvious. We affirm.

A cause of action based upon a failure to warn cannot stand where, as here, the injured party is already aware of the specific hazard or the danger is readily discernible (*see, Secone v Raymond Corp.,* 240 AD2d 391; *Banks v Makita, U. S. A.,* 226 AD2d 659; *Lonigro v TDC Elecs.,* 215 AD2d 534). Dismissal of the action was also proper since the injured plaintiff assumed the risks inherent in the activity of tobogganing (*see, Morgan v State of New York,* 90 NY2d 471; *Hernandez v City of New York,* 267 AD2d 280; *Matter of Moore v State of New York,* 245 AD2d 456).

The plaintiffs' remaining contentions are without merit. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.