■ RAYMOND L. FELLE, JR., Respondent, v W.W. GRAINGER, INC., Doing Business as GRAINGER, Also Known as GRAINGER INDUSTRIAL SUPPLY, et al., Appellants, et al., Defendants. [755 NYS2d 535] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered April 12, 2002, which, inter alia, denied that part of the motion of defendants W.W. Grainger, Inc., doing business as Grainger, also known as Grainger Industrial Supply, and Dayton Electric Manufacturing Co. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in part the motion of defendants W.W. Grainger, Inc., do-

ing business as Grainger, also known as Grainger Industrial Supply, and Dayton Electric Manufacturing Co. and dismissing the complaint against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff was injured while using a bench grinder at his place of employment and commenced this action against, inter alia, W.W. Grainger, Inc., doing business as Grainger, and also known as Grainger Industrial Supply, and Dayton Electric Manufacturing Co. (defendants), related entities that had manufactured, distributed, and sold the grinder. As against defendants, the complaint asserts causes of action sounding in strict products liability and negligence based on theories of defective design and failure to warn.

Supreme Court erred in denying that part of the motion of defendants for summary judgment dismissing the complaint against them. With respect to the alleged defective design of the grinder, defendants are relieved of liability as a matter of law based on the substantial postsale modifications made to the grinder by plaintiff's employer. It is undisputed that plaintiff's employer modified the grinder in such a way as to defeat or remove key safety features built into the product by defendants (*see Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532-533; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 480). A "manufacturer's duty * * * does not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented. A manufacturer need not * * * trace his product through every link in the chain of distribution to insure that users will not adapt the product to suit their own unique purposes" (*Robinson,* 49 NY2d at 480-481; *see Liriano v Hobart Corp.,* 92 NY2d 232, 238-239). The record does not support plaintiff's conclusory assertion that the product was intentionally designed or manufactured by defendants to permit its operation without the safety features (*see generally Liriano,* 92 NY2d at 238; *Lopez v Precision Papers,* 67 NY2d 871, 873).

Defendants also are not liable as a matter of law for their alleged failure to warn. There is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense (*see Liriano,* 92 NY2d at 241-242; *Carbone v Alagna,* 239 AD2d 454, 456). Here, plaintiff had seven years of experience operating a grinder and thus should have appreciated the danger of placing his face in proximity to a rapidly rotating and completely unguarded split or hinged sanding wheel. The open and obvious nature of the risk negates

any duty to warn on the part of defendants (*see Lauber v Sears, Roebuck & Co.,* 273 AD2d 922; *Scardefield v Telsmith, Inc.,* 267 AD2d 560, 563, *lv denied* 94 NY2d 761; *Banks v Makita, U.S.A.,* 226 AD2d 659, 660, *lv denied* 89 NY2d 805).

We therefore modify the order by granting in part the motion of defendants and dismissing the complaint against them. In view of our determination, we need not address defendants' remaining contentions. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.