■ JOHN PATINO et al., Respondents, v LOCKFORMER COMPANY, INC., et al., Appellants. (And a Third-Party Action.) [757 NYS2d 107] —In an action to recover damages for personal injuries, etc., the defendant Lockformer Company, Inc., and the defendant H. Weiss Company separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Cammer, J.), dated December 27, 2001, as denied those branches of their respective motions which were for summary judgment dismissing so much of the complaint and cross claims insofar as asserted against them based on defective design.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff to the defendants, those branches of the motions which were for summary judgment dismissing so much of the complaint and cross claims insofar as asserted against the defendants based on defective design are granted, and so much of the complaint and cross claims based on defective design are dismissed insofar as asserted against them.

The plaintiff John Patino (hereinafter Patino), an employee of AUL Sheet Metal Works, Inc., injured his left hand when it was caught in a roll forming machine called a "triplex connector machine Model 14" which was manufactured and designed by the defendant Lockformer Company, Inc. (hereinafter Lockformer). The defendant H. Weiss Company (hereinafter Weiss) was the distributor of the subject machine in November 1970 when it was sold to Swift Sheet Metal (hereinafter Swift), the original owner.

The record reveals that at the time of purchase, the machine was equipped with safety devices consisting of a top cover, which was assembled using four screws and lock washers, and was attached to four 5-inch-high posts, connecting it to the machine plates housing the roller shafts and tooling. The sides of the machine were enclosed by two steel side covers connected to the top cover through four top curtains, two on each side of the machine running from front to back, and to the stand at the bottom. Two end curtains were also bolted to the top curtain on the operator's end and on the exit of the machine. When the top cover was in place, the entrance plates, where the sheet metal entered the machine, was one quarter of an inch high and was not adjustable. The machine did not have an interlock to prevent it from operating if the top cover was removed, modified, or damaged. The machine was shipped

with at least three warning stickers with a yellow background and black lettering. Neither Lockformer nor Weiss ever provided any service or repairs to the machine after it was sold. Sometime prior to Patino's accident, the top cover and side fencing manufactured by Lockformer were removed by a third party.

The plaintiffs alleged that the machine was dangerous and defective inasmuch as it was not equipped with adequate safety guards. Lockformer and Weiss moved for summary judgment asserting that under the holding of *Robinson v Reed-Prentice Div. of Package Mach. Co.* (49 NY2d 471 [1980]) they could not be held liable for an injury resulting from a substantial modification made by a third party which rendered the machine defective. In opposition, the plaintiffs asserted, inter alia, that there are questions of fact as to whether *Robinson v Reed-Prentice Div. of Package Mach. Co. (supra)* is applicable because the safety guards were easily removable (*see Lopez v Precision Papers,* 67 NY2d 871, 873 [1986]). The Supreme Court denied summary judgment with respect to the plaintiffs' defective design claim, and Lockformer and Weiss now appeal. We conclude that the defendants should have been granted summary judgment dismissing this claim, and accordingly, we reverse the order insofar as appealed from.

It is well settled that "a manufacturer [or distributor] of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer [or distributor], there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" (*Robinson v Reed-Prentice Div. of Package Mach. Co., supra* at 475; *see Darsan v Guncalito Corp.,* 153 AD2d 868 [1989]).

The plaintiffs' attempt to invoke the exception to the subsequent modification defense, i.e., that a manufacturer may be held liable under a design defect theory where the product is "purposefully manufactured to permit its use without the safety guard" is unpersuasive (*Lopez v Precision Papers,* 67 NY2d 871, 873 [1986], *affg* 107 AD2d 667 [1985]). The uncontroverted evidence was that the machine was originally equipped with multiple interconnected safety guards precluding access to the roller shafts, which safety devices were removed by a third party. In opposition, the plaintiffs failed to raise a triable issue of fact that Lockformer purposely manufactured the machine to permit its use without the guards (*see Wyda v Makita Elec. Works,* 232 AD2d 407, 408 [1996]),

such as to provide added versatility or functionality (*see e.g. LaPaglia v Sears Roebuck & Co.*, 143 AD2d 173, 177 [1988]; *McAvoy v Outboard Mar. Corp.*, 134 AD2d 245 [1987]). Despite the plaintiffs' assertion to the contrary, the absence of an interlock device is an insufficient theory of liability as a matter of law (*see Giunta v Delta Intl. Mach.*, 300 AD2d 350 [2002]).

The plaintiffs' contention that Lockformer was not entitled to summary judgment because it failed to include a copy of the answer with its motion papers (*cf. Lawlor v County of Nassau*, 166 AD2d 692 [1990]) is not preserved for appellate review (*see Panzella v Shop Rite Supermarkets*, 238 AD2d 490 [1997]).

To the extent that the plaintiffs are seeking to modify the order, we decline to review their arguments, as they did not serve a notice of appeal or cross appeal (*see Burger v Holzberg*, 290 AD2d 469 [2002]). Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.