◼ CHRISTOPHER R. LAMB et al., Respondents, v KYSOR INDUSTRIAL CORPORATION et al., Appellants, et al., Defendant. [759 NYS2d 266] —Appeal from that part of an order of Supreme Court, Erie County (Notaro, J.), entered June 6, 2002, that denied in part the motion of defendants Kysor Industrial Corporation and Scotsman Industries, Inc. seeking summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion of defendants Kysor Industrial Corporation and Scotsman Industries, Inc. seeking summary judgment dismissing the claims of defective design based on the alleged lack of adequate guarding and the claims of failure to warn and dismissing those claims against them and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Christopher R. Lamb (plaintiff) while using his employer's bridge saw. Plaintiffs sued, inter alia, Kysor Industrial Corporation and Scotsman Industries, Inc. (collectively, defendants), the alleged successors to the manufacturer of the saw, asserting causes of action sounding in strict products liability, breach of warranty, and negligence. The causes of action for strict products liability and negligence allege defective manufacture, defective design, and failure to warn. Supreme Court granted defendants' motion seeking summary judgment in part, dismissing the causes of action for breach of warranty and defective manufacture. Defendants appeal, contending that the court also should have

dismissed the claims of defective design, which are based on an alleged lack of adequate guarding and the absence of an "emergency stop" or "panic" button or "kill" switch, and the claims of failure to warn.

We conclude that defendants established as a matter of law the product was not defectively designed (*see Sessa v Port Auth. of N.Y. & N.J.*, 299 AD2d 333, 334 [2002]; *Schrader v Sunnyside Corp.*, 297 AD2d 369, 371 [2002]; *Bombara v Rogers Bros. Corp.*, 289 AD2d 356, 356-357 [2001]). The affidavit of defendants' expert was sufficient to establish that the original saw guard met industry standards at the time of manufacture, and that a larger guard would have defeated the functional utility of the saw. Defendants' expert also sufficiently demonstrated that placement of an emergency stop switch in the area of the saw head and blade was neither standard nor state of the art at the time of manufacture. Thus, defendants met their initial burden of demonstrating that, when it left the manufacturer's hands, the saw was in a condition reasonably contemplated by the consumer and was reasonably safe for its intended use (*see Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479 [1980]; *see also Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108-109 [1983]).

We conclude that plaintiffs failed to raise a triable issue of fact whether the product was defectively designed based on the alleged lack of adequate guarding (*see Jemmott v Rockwell Mfg. Co., Power Tools Div.*, 216 AD2d 444 [1995]), and thus defendants were entitled to summary judgment dismissing those claims on that basis. Plaintiffs raised a triable issue of fact, however, whether the saw was unreasonably dangerous for its intended use as a result of its lack of a "kill" switch (*see Czerniejewski v Steward-Glapat Corp.*, 236 AD2d 795, 795-796 [1997]; *Ploof v Stone Constr. Equip.*, 221 AD2d 1008, 1009 [1995]), and thus the court properly refused to dismiss those claims.

We further conclude that defendants established their entitlement to judgment as a matter of law on the issue of failure to warn, and plaintiffs failed to raise a triable issue of fact. "There is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense" (*Felle v W.W. Grainger, Inc.*, 302 AD2d 971, 972 [2003]; *see Liriano v Hobart Corp.*, 92 NY2d 232, 241-242 [1998]; *Carbone v Alagna*, 239 AD2d 454, 456 [1997]). Here, plaintiff's primary duty at work was the operation of the saw, and plaintiff had years of experience in operating the saw. Moreover, as a

matter of common sense, plaintiff should have appreciated the danger of placing his fingers in the path of an automatically traversing and rapidly spinning saw blade. The open and obvious nature of that risk negates any duty to warn on the part of defendants (*see Felle,* 302 AD2d at 972; *Lauber v Sears, Roebuck & Co.,* 273 AD2d 922 [2000]; *Scardefield v Telsmith, Inc.,* 267 AD2d 560, 563 [1999], *lv denied* 94 NY2d 761 [2000]; *Banks v Makita, U.S.A.,* 226 AD2d 659, 660 [1996], *lv denied* 89 NY2d 805 [1996]).

We therefore modify the order by granting those parts of defendants' motion seeking summary judgment dismissing the claims of defective design based on the alleged lack of adequate guarding and the claims of failure to warn and dismissing those claims against them. Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.