■ Thomas E. Jones et al., Respondents-Appellants, v W + M Automation, Inc., et al., Appellants-Respondents, Tri-Tec Controls, Inc., et al., Respondents, et al., Defendants. [818 NYS2d 396]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered December 27, 2004 in a personal injury action. The order, among other things, denied the motion of defendants I.S.I. Manufacturing, Inc., IBIS Manufacturing Company, I.S.I. Robotics, Inc., I.S.I. Automation Products Group, Inc., IBIS Investment Company, W+M Automation, Inc., and Frankfort, Inc. and denied in part the motions of defendants W+M Engineering + Automation GmbH & Company and Tri-Tec Controls for summary judgment dismissing the amended complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by granting the motion of defendants I.S.I. Manufacturing, Inc., IBIS Manufacturing Company, I.S.I. Robotics, Inc., I.S.I. Automation Products Group, Inc., IBIS Investment Company, W+M Automation, Inc., and Frankfort, Inc. and granting in their entirety the motions of defendants W+M Engineering + Automation GmbH & Company and Tri-Tec Controls and dismissing the amended complaint and cross claims against them and as modified the order is affirmed without costs.

Memorandum: In 1986 defendant W+M Engineering + Automation GmbH & Company (W+M GmbH) sold a gantry loading system (hereafter, system) to General Motors (GM) for its Tonawanda auto plant, where Thomas E. Jones (plaintiff) was employed as a tool setter. W+M GmbH designed and manufactured the system pursuant to GM's specifications. It provided all components except for the wiring and programming, for which W+M GmbH contracted with defendant Tri-Tec Controls (Tri-Tec Canada) and defendants Siemens Energy and Automation and Siemens AG (collectively, Siemens). Defendant Tri-Tec Controls, Inc. (Tri-Tec Michigan) wired the system, and defendant W+M Automation, Inc. (W+M Automation) was the American sales and service office for W+M GbmH. W+M Automation was incorporated in 1986 and subsequently changed its name to defendant Frankfort, Inc. (collectively, W+M Automation/Frankfort). In 1993 defendants I.S.I. Manufacturing, Inc., IBIS Manufacturing Company, I.S.I. Robotics, Inc., I.S.I. Automation Products Group, Inc., and IBIS Investment Company (collectively, ISI/IBIS), purchased certain assets of W+M Automation/Frankfort and W+M GmbH, including shuttle gantry portions of the system.

Plaintiff was injured in 1995 when he entered the area behind the safety fence, where the system was located, presumably through the modified sliding gate. Plaintiff was struck in the head by the gripper arms of the system and became pinned against the pedestal, thereby sustaining serious head injuries. Following an investigation, it was determined that GM violated the Occupational Safety and Health Administration regulations by installing the sliding gate without an interlock system and by allowing employees to work on the system within the safety fence while the system was operating, and GM was fined accordingly.

Plaintiffs thereafter commenced this action asserting causes of action for negligence, failure to warn, breach of express and implied warranties, and strict products liability, as well as a derivative cause of action. ISI/IBIS and W+M Automation/

Frankfort moved for summary judgment dismissing the amended complaint and cross claims against them, as did W+M GmbH, Tri-Tec Michigan, Tri-Tec Canada and Siemens.

We conclude that Supreme Court properly granted the motions of Tri-Tec Michigan and Siemens for summary judgment dismissing the amended complaint and cross claims against them. They established as a matter of law that they manufactured only nondefective component parts, and plaintiffs failed to raise an issue of fact to defeat their motions (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sexton v Cincinnati Inc.*, 16 AD3d 1090, 1091 [2005]).

Although we conclude that the court properly granted those parts of the motions of W+M GmbH and Tri-Tec Canada seeking summary judgment dismissing the breach of express and implied warranties cause of action against them, we further conclude that the court should have granted that part of the motion of ISI/IBIS and W+M Automation/Frankfort for summary judgment dismissing that cause of action against them as time-barred (*see* UCC 2-725; *Heller v U. S. Suzuki Motor Corp.*, 64 NY2d 407, 411-412 [1985]). We further conclude that the court should have granted the remainder of the motions of the appealing defendants with respect to the remaining causes of action and cross claims. We therefore modify the order accordingly.

With respect to the negligence and strict products liability causes of action, the appealing defendants met their initial burden by submitting expert evidence establishing that the system as originally designed and installed conformed to GM's "CPC Tonawanda MH-100 specifications" and was safe until GM modified it (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532 [1991]; *Gian v Cincinnati Inc.*, 17 AD3d 1014, 1015-1016 [2005]; *Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 968 [2004]). The system was enclosed by a fence equipped with interlocking gates at the northwest and southwest corners that had both automatic and manual stop controls. Prior to GM's modifications, a person could not enter the fenced area while the system was operating. Plaintiffs failed to raise an issue of fact inasmuch as they failed to establish that the product was not reasonably safe when designed and installed. Plaintiffs submitted an affidavit in which their expert asserted that the system was defective because it did not comply with robotics industry standards for the American National Standards Institute, Inc. However, those standards do not apply to the system at issue in this case and, in any event, the record establishes that the design complies with those voluntary industry standards. With respect to the

cause of action for failure to warn, we note that " '[t]here is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense' " (*Lamb v Kysor Indus. Corp.*, 305 AD2d 1083, 1084 [2003], quoting *Felle v W.W. Grainger, Inc.*, 302 AD2d 971, 972 [2003]), and that principle applies here. Present—Pigott, Jr., P.J., Scudder, Kehoe, Green and Hayes, JJ.