■ PAUL CWIKLINSKI et al., Respondents, v SEARS, ROEBUCK & CO., INC., et al., Appellants. [894 NYS2d 277]—

1478

Appeals from an amended order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 29, 2009 in a personal injury action. The amended order, insofar as appealed from, denied in its entirety the motion of defendant Vermont American Corporation for summary judgment and denied in part the motion of defendants Sears, Roebuck & Co., Inc. and Emerson Electric Co. for summary judgment.

It is hereby ordered that the amended order so appealed from is unanimously modified on the law by granting those parts of the motion of defendant Vermont American Corporation and the motion of defendants Sears, Roebuck & Co., Inc. and Emerson Electric Co. with respect to the negligence and strict products liability causes of action insofar as they are predicated on a manufacturing defect and the failure to warn and dismissing those causes of action to that extent and as modified the amended order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Paul Cwiklinski (plaintiff) while he was using a molding head cutter attached to a table saw. The molding head cutter was manufactured by defendant Vermont American Corporation (Vermont), and the table saw was manufactured by defendant Emerson Electric Co. (Emerson). Plaintiff purchased both products from defendant Sears, Roebuck & Co., Inc. (Sears) under its "Craftsman" label. He had used the table saw on about 30 occasions prior to the accident without incident and had used the molding head cutter two or three times. On the day of the accident, plaintiff attached the molding head cutter to the table saw to make a nonthrough cut in a test piece of wood, which required the removal of the blade guard on the table saw. Plaintiff used both hold downs and a push block. The saw began to "chatter" as plaintiff pushed through the piece of wood and, after he placed his left hand on the piece of wood in order to steady it, the wood

kicked back. Plaintiff's left hand then came in contact with the saw blade, which caused the injury. Defendants moved for summary judgment dismissing the complaint, and Supreme Court denied Vermont's motion in its entirety and granted that part of the motion of Sears and Emerson for summary judgment dismissing the breach of warranty cause of action against them with respect to the table saw.

We agree with defendants that the court erred in denying those parts of their motions for summary judgment dismissing the negligence and strict products liability causes of action insofar as they are predicated on a manufacturing defect, and we therefore modify the amended order accordingly. Defendants established that the molding head cutter and table saw had no manufacturing or assembly defect, and plaintiffs failed to raise an issue of fact (*see Cramer v Toledo Scale Co.*, 158 AD2d 966, 967 [1990]; *see generally Caprara v Chrysler Corp.*, 52 NY2d 114, 123-124 [1981], *rearg denied* 52 NY2d 1073 [1981]). We further agree with defendants that the court erred in denying those parts of their motions for summary judgment dismissing the negligence and strict products liability causes of action insofar as they are predicated on the failure to warn, and we therefore further modify the amended order accordingly. "There is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense" (*Felle v W.W. Grainger, Inc.*, 302 AD2d 971, 972 [2003]; *see Liriano v Hobart Corp.*, 92 NY2d 232, 241-242 [1998]). Here, plaintiff admitted that he read the instruction manuals, and it can only be concluded that the danger in placing one's hands near an unguarded blade is open and obvious (*see Lamb v Kysor Indus. Corp.*, 305 AD2d 1083, 1084-1085 [2003]; *Baptiste v Northfield Foundry & Mach. Co.*, 184 AD2d 841, 843 [1992]; *see also Conn v Sears, Roebuck & Co.*, 262 AD2d 954, 955 [1999], *lv denied* 94 NY2d 755 [1999]).

Contrary to defendants' further contentions, however, the court properly denied those parts of their motions for summary judgment dismissing the negligence and strict products liability causes of action insofar as they are predicted on a design defect. Defendants met their initial burdens by submitting the affidavits of experts stating that there was no feasible guard that could have been used with the molding head cutter without hindering the nonthrough cut operation or without putting the user at further risk, and explaining why a specified guard known as the Uniguard would not have worked. Defendants thus established that, when the molding head cutter and table saw

left the manufacturers' hands, they were in a condition "reasonably contemplated by the ultimate consumer" and were reasonably safe for their intended use (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479 [1980]; *see generally Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108-109 [1983]). In opposition to the motions, however, plaintiffs raised triable issues of fact by submitting the affidavits of an expert who stated that there were several appropriate, workable guards on the market that could have prevented the accident, including the Uniguard. The expert further stated that the failure to sell the molding head cutter without requiring a guard and to sell the table saw without an accompanying guard suitable for the type of cutting operation being performed by plaintiff rendered the products defective and not reasonably safe for their intended use. Plaintiffs thus raised triable issues of fact whether the products were defectively designed based on the alleged lack of adequate guarding and whether there were feasible alternative designs when they were manufactured (*see Ganter v Makita U.S.A.*, 291 AD2d 847, 847-848 [2002]; *Sanchez v Martin Maschinenbau GmbH & Co.*, 281 AD2d 284 [2001]; *cf. Lamb*, 305 AD2d at 1084). We have considered defendants' remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.