# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1043**
**CA 12-00002**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

LORI HOOVER, PLAINTIFF-RESPONDENT,
AND JESSICA BOWERS,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

NEW HOLLAND NORTH AMERICA, INC., FORMERLY
KNOWN AS FORD NEW HOLLAND, INC., CASE NEW
HOLLAND, INC., NIAGARA FRONTIER EQUIPMENT
SALES, INC., FORMERLY KNOWN AS NIAGARA
FORD NEW HOLLAND, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS,
ET AL., DEFENDANTS.
-------------------------------------------
CNH AMERICA LLC, THIRD-PARTY
PLAINTIFF-APPELLANT,

V

KYLE P. ANDREWS, TREASURER OF NIAGARA
COUNTY, AS TEMPORARY ADMINISTRATOR FOR
THE ESTATE OF GARY HOOVER, DECEASED,
THIRD-PARTY DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

PHILLIPS LYTLE LLP, BUFFALO (PAUL F. JONES OF COUNSEL), AND NIXON
PEABODY LLP, FOR DEFENDANTS-APPELLANTS-RESPONDENTS AND THIRD-PARTY
PLAINTIFF-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT AND PLAINTIFF-RESPONDENT-APPELLANT.

AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from a judgment of the Supreme Court,
Niagara County (Richard C. Kloch, Sr., A.J.), entered September 30,
2011.  The judgment, inter alia, awarded plaintiff Jessica Bowers
money damages upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  CNH America LLC (incorrectly sued as New Holland

North America, Inc., formerly known as Ford New Holland, Inc. and Case New Holland, Inc.) and Niagara Frontier Equipment Sales, Inc., formerly known as Niagara Ford New Holland, Inc. (defendants) appeal and Jessica Bowers (plaintiff) cross-appeals from a judgment entered following a jury trial on liability and damages in this products liability action. On October 2, 2004, Gary Hoover (Gary) was using a tractor-driven post hole digger (digger) owned by Peter Smith. Gary was assisted by his wife, former plaintiff Lori Hoover (Lori), who set the auger so that a straight hole would be dug. When Lori left for work, plaintiff, who was then 16 years old, began performing the same task. While Gary was operating the digger, plaintiff's coat became caught in the driveline that connected the tractor's power take off with the digger. Plaintiff was violently dragged into the driveline, and her right arm was severed above the elbow. Smith had removed a plastic shield that covered the area of the driveline near the gearbox after the shield had become damaged beyond repair during use. The shield had covered, inter alia, a bolt that protruded from the driveline. Defendants contend on their appeal that they were entitled to judgment as a matter of law and that Supreme Court therefore erred in denying their pretrial motion for summary judgment dismissing the amended complaint against them, their motion for a directed verdict during trial, and their posttrial motion for judgment notwithstanding the verdict or an order setting aside the verdict as against the weight of the evidence. They contend in the alternative that the court erred in denying their posttrial motion to the extent that they sought an order striking the award of damages for past lost wages and a reduction in other categories of damages. Plaintiff contends on her cross appeal that the court erred in denying her posttrial motion to increase the award of damages for past pain and suffering. We affirm.

" 'In order to establish a prima facie case in strict products liability for design defects, the plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury' " (*Adams v Genie Indus., Inc.*, 14 NY3d 535, 542; *see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107). "It is well settled that a manufacturer, who has designed and produced a safe product, will not be liable for injuries resulting from substantial alterations or modifications of the product by a third party which render the product defective or otherwise unsafe" (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532), including "the material alteration of a product that destroys the functional utility of a key safety feature" (*Bouter v Durand-Wayland, Inc.*, 221 AD2d 902, 902; *see Felle v W.W. Grainger, Inc.*, 302 AD2d 971, 972). However, a modification will defeat a products liability claim only where it "(a) rendered 'a safe product defective' . . . ; and (b) caused the injuries" (*Lamey v Foley*, 188 AD2d 157, 168; *see generally Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479).

Assuming that defendants met their initial burden on their motion for summary judgment dismissing the amended complaint against them, we conclude on this record that plaintiffs submitted sufficient evidence to defeat that motion and on their direct case at trial to make out a

prima facie case of defective design of the digger.  Specifically, the proof was sufficient to establish that, inter alia, a protruding bolt that attached the driveline to the gearbox was an entanglement hazard; the plastic gearbox shield used to guard against the protruding bolt could be damaged by normal use or foreseeable misuse of the digger; and there were design alternatives that would have reduced or eliminated the hazards in the subject product and would have resulted in only a nominal increase in cost.  Thus, plaintiffs presented sufficient evidence that the digger was defectively designed, and we further conclude that they presented sufficient evidence that Smith's removal of the damaged gearbox shield did not constitute a substantial modification.  We further reject defendants' contentions that the proof was insufficient to establish that the defective design of the digger was a substantial factor in causing plaintiff's injuries or that an alternative design would have prevented the accident.  Likewise, the verdict was not against the weight of the evidence because it cannot be said that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Campo v Neary*, 52 AD3d 1194, 1197).

As to the damages, we reject defendants' contention that the jury awards for past and future pain and suffering "deviate[] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see generally Caprara v Chrysler Corp.*, 52 NY2d 114, 126-127, *rearg denied* 52 NY2d 1073).  We likewise reject plaintiff's contention on her cross appeal that the award for past pain and suffering was inadequate.  We further conclude that the awards for past and future lost wages and future medical care are supported by legally sufficient evidence and, contrary to defendants' contentions, are not speculative (*see Huff v Rodriguez*, 45 AD3d 1430, 1433; *Kirschhoffer v Van Dyke*, 173 AD2d 7, 9-10).  We have reviewed defendants' remaining contentions and conclude that they are without merit.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court