■ HUGO CHAVEZ, Respondent, v DELTA INTERNATIONAL MACHINERY CORP., Appellant, et al., Defendant. [13 NYS3d 482]—

In an action, inter alia, to recover damages for personal injuries based on products liability, the defendant Delta International Machinery Corp. appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated April 10, 2014, which denied that branch of its motion which was for summary judgment dismissing so much of the complaint, insofar as asserted against it, as was based upon allegations that the subject table saw was defective for lacking an interlocking guard.

Ordered that the order is reversed, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint, insofar as asserted against it, as was based upon allegations that the subject table saw was defective for lacking an interlocking guard is granted.

On March 3, 2010, the plaintiff was cutting a piece of wood using a table saw. According to the plaintiff, he put his left hand around the back of the blade to catch the piece of wood, but the blade pulled the wood and the plaintiff's hand back into the blade. The plaintiff allegedly sustained injuries to his left hand, including the amputation of his left middle and ring fingers.

The table saw was manufactured in 1997 by the defendant Delta International Machinery Corp. (hereinafter Delta), and was equipped with a device known as a "Biesemeyer T-Square Blade Guard System." This system required the table saw operator to manually push the adjustable guard down over the blade. However, the table saw would operate even if the guard were not pushed down. The plaintiff alleges that a proximate cause of the accident was that the table saw lacked an "interlocking guard" (hereinafter an interlock), which would have allowed the table saw to operate only after the guard enclosure was fully in place.

The plaintiff commenced this action against Delta, among others. The complaint asserted causes of action sounding in negligence, strict products liability, design defect, and breach of warranty. After issue was joined, Delta moved, inter alia, for summary judgment dismissing so much of the complaint, insofar as asserted against it, as was based upon allegations that the subject table saw was defective for lacking an interlock. Citing *Giunta v Delta Intl. Mach.* (300 AD2d 350 [2002]), Delta argued that "New York [c]ourts have consistently ruled that a table saw, not equipped with an interlock device is not defective."

With respect to the lack of an interlock, the plaintiff, in opposition, asserted that "where there is expert testimony demonstrating that an interlock device could be used without hampering the functionality of the machine, an issue of fact exists that requires a denial of summary judgment." The plaintiff submitted an affidavit of his expert, who opined that an interlock would not have impaired the table saw's functionality since the table saw could perform "almost all types of cuts" with its Biesemeyer T-Square Blade Guard System in position.

In the order appealed from, the Supreme Court denied that branch of Delta's motion which was for summary judgment dismissing so much of the complaint, insofar as asserted against it, as was based upon allegations that the subject table saw was defective for lacking an interlock. The court concluded that although Delta met its prima facie burden by demonstrating that it was not feasible to have an interlock on the subject table saw, the plaintiff, in opposition, raised a triable issue of fact as to whether or not an interlock could be used without hampering the functionality of the table saw.

The definition of a design defect, for purposes of imposing products liability, is that "if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inher-

ent in marketing a product designed in that manner" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]; *see Denny v Ford Motor Co.*, 87 NY2d 248, 257 [1995]). "This standard demands an inquiry into such factors as (1) the product's utility to the public as a whole, (2) its utility to the individual user, (3) the likelihood that the product will cause injury, (4) the availability of a safer design, (5) the possibility of designing and manufacturing the product so that it is safer but remains functional and reasonably priced, (6) the degree of awareness of the product's potential danger that can reasonably be attributed to the injured user, and (7) the manufacturer's ability to spread the cost of any safety-related design changes" (*Denny v Ford Motor Co.*, 87 NY2d at 257). Liability attaches when an analysis of these factors leads one to conclude that "the utility of the product did not outweigh the risk inherent in marketing" it (*Denny v Ford Motor Co.*, 87 NY2d at 257; *see Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 34 [2011]).

An interlock on a table saw, which would prevent the operation of the table saw without the guard in place, could make the table saw unusable for certain cuts, thereby impairing its functionality (*see Banks v Makita, U.S.A.*, 226 AD2d 659, 661 [1996]). Therefore, a theory of liability based upon an allegation that a table saw should have been designed with an interlock has been "explicitly rejected as a matter of law" (*Giunta v Delta Intl. Mach.*, 300 AD2d at 351; *accord Patino v Lockformer Co.*, 303 AD2d 731, 733 [2003]; *Sorto-Romero v Delta Intl. Mach. Corp.*, 2007 WL 2816191, 2007 US Dist LEXIS 71588 [ED NY, Sept. 24, 2007, No. 05-CV-5172 (SJF) (AKT)]).

Here, in opposition to Delta's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert claimed that the Biesemeyer T-Square Blade Guard System installed on this table saw, which would be in position during operation if the table saw had an interlock, was so versatile that "this particular guard can be used for almost all types of cuts." Therefore, according to the plaintiff's expert, the use of an interlock device, rendering the table saw inoperable unless the guard was in place, would not have hampered the saw's functionality, because the table saw could have been used for "almost all types of cuts." However, as noted by Delta, since the expert used the language "almost all types of cuts," there were necessarily types of cuts which could not be done with the guard in place, and this case cannot be distinguished from the prior

case law wherein it was held, as a matter of law, that failure to install an interlock is insufficient to impose liability.

Delta's remaining contention need not be addressed in light of our determination.

Accordingly, the Supreme Court should have granted that branch of Delta's motion which was for summary judgment dismissing so much of the complaint, insofar as asserted against it, as was based upon allegations that the subject table saw was defective for lacking an interlock. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.