Vasquez v Ridge Tool Pattern Co. (2022 NY Slip Op 03488)





Vasquez v Ridge Tool Pattern Co.


2022 NY Slip Op 03488


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Shulman, JJ. 


Index No. 158040/15 Appeal No. 15792 Case No. 2021-02471, 2021-03122 

[*1]Teofanes Cruz Vasquez, Plaintiff-Respondent,
v
Ridge Tool Pattern Company, Also Known as Ridge Tool et al., Defendants-Appellants, Ninety River West Corp., et al., Defendants. (And a Third-Party Action.)


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Ras Associates, PLLC, Purchase (Paul E. Carney of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered August 5, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Ridge Tool Pattern Company, also known as Ridge Tool (Ridge Tool), and Home Depot U.S.A., Inc.'s (Home Depot; together, defendants) motion for summary judgment dismissing the complaint as against Ridge Tool, the failure-to-warn claim based on alleged deficiencies in the operator's manual, the "generalized" failure-to-warn claim, and the design defect claim based on the lack of an interlock device, unanimously modified, on the law, to grant the motion for summary judgment dismissing the complaint as against Ridge Tool, and the failure-to-warn claim based on alleged deficiencies in the operator's manual, and otherwise affirmed, without costs. Appeal from order, same court (Lewis J. Lubell, J.), entered June 28, 2021, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.
Plaintiff seeks to recover damages for personal injuries he sustained on May 14, 2014, while working for nonparty Gael Hardwood Flooring Inc., during the renovation of a residential apartment at 180 Riverside Drive in Manhattan. Specifically, plaintiff alleges that he was injured while using a RIDGID brand Model R2401 hand-held router. Plaintiff asserts that at the time of the accident, he was using the router to cut a piece of wood flooring when he encountered a knot, which caused the router to kick back at him and sever his left thumb.
The motion court erred in denying the motion for summary judgment dismissing all claims and cross claims against Ridge Tool. Ridge Tool's consultant's affidavit established prima facie that Ridge Tool, and nonparty entities affiliated with it, were involved with the router as trademark licensors, and were not part of its manufacturing, selling, or distribution chain (see e.g. Finerty v Abex Corp., 27 NY3d 236, 242 [2016]; Laurin Mar. AB v Imperial Chem. Indus., 301 AD2d 367, 367-368 [1st Dept 2003], lv denied 100 NY2d 501 [2003]). Plaintiff did not oppose dismissal of the action as against Ridge Tool, and failed to controvert any of these facts. Further, in plaintiff's attorney's affirmation submitted in opposition to the motion and in support of plaintiff's cross motion, he states that the parties stipulated that the "Router [that plaintiff was using at the time of the accident] was sold exclusively under the Home Depot licensed brand name Ridgid" and that "Home Depot was the exclusive retailer of the Ridgid Model 2401 router at issue."
Additionally, plaintiff's failure-to-warn claim based on alleged deficiencies in the router's manual should have been dismissed, since he admitted that he never read the manual before his accident (see e.g. M.H. v Bed Bath & Beyond Inc., 156 AD3d 33, 38 [1st Dept 2017]; Medina v Biro Mfg. Co., 151 AD3d 535, 536 [1st Dept 2017]). German v Morales (24 AD3d 246 [1st Dept 2005]) and Johnson v Johnson [*2]Chem. Co. (183 AD2d 64 [2d Dept 1992]) do not compel a different result (see Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 423 [1st Dept 2010]; Sosna v American Home Prods., 298 AD2d 158, 158 [1st Dept 2002]).
The motion court properly denied the portion of defendants' motion for summary dismissal of plaintiff's "generalized" failure-to-warn claim. "Failure-to-warn liability is intensely fact-specific, including but not limited to such issues as feasibility and difficulty of issuing warnings in the circumstances; obviousness of the risk from actual use of the product; knowledge of the particular product user; and proximate cause" (Liriano v Hobart Corp., 92 NY2d 232, 243 [1998]). Recovery may be properly denied to a product user who "was fully aware of the hazard through general knowledge, observation or common sense" (id.at 241). For that reason, "in appropriate cases, courts could as a matter of law decide that a manufacturer's warning would have been superfluous given an injured party's actual knowledge of the specific hazard that caused the injury" (id.). However, even if a product user "has some degree of knowledge of the potential hazards in the use of a product, summary judgment will not lie where reasonable minds might disagree as to the extent of the knowledge" (Public Adm'r of Bronx County v 485 E. 188th St. Realty Corp., 116 AD3d 1, 10 [1st Dept 2014]).
At deposition, plaintiff testified that he had never used the router before working at the subject premises and had only used it one previous time at the premises before he sustained the injury. Plaintiff testified he had used a chop saw, which had a rapidly spinning round blade, at the subject job in the week-and-a-half before his accident. He testified that it was his practice to always be careful to keep his left hand away from the blade, and that he understood that the blade of the chop saw could do serious damage to his hand or fingers if they made contact with the revolving blade. Plaintiff also testified to his prior experience, beginning in high school, working with metal cutting machines and table saws, all of which had sharp, round, spinning blades that could do damage to hands or fingers if they made contact.
In opposition to defendants' motion for summary judgment, plaintiff averred in his affidavit that he did not see anything on the router that would make him believe that he could lose a finger using the router if it kicked back after it hit a wood knot, and that he did not think the router had anything on it that would lead him to believe that a finger could be cut off using it. Plaintiff's expert opined that plaintiff had minimal skills as a woodworker and that "the manufacturer's inclusion and use of specific and prominent warnings on the tool . . . would have been very useful to warn of the danger of amputation injuries from contact with the spinning bit, which looks somewhat innocuous to the novice user such as the Plaintiff, as it appears to be a small and therefore [*3]minor although important feature of the overall unit."
Thus, the record contains evidence that plaintiff had knowledge of power tools other than the router and the general hazards associated with cutting devices. Plaintiff also had used the router on one prior occasion at the premises before the accident. However, it is for a jury, not the court, to determine whether, based on the evidence and testimony presented, plaintiff had sufficient knowledge of the specific hazards from the use of the router to relieve defendants of their duty to warn of them. Further, whether the router presented an open and obvious danger is also a jury issue.
The branch of defendants' motion for summary judgment dismissing the design defect claim based on the lack of an interlock was also properly denied. We recognize that the Second Department has held that such a claim is per se unviable in Chavez v Delta Intl. Mach. Corp. (130 AD3d 667 [2d Dept 2015]), Patino v Lockformer Co. (303 AD2d 731 [2d Dept 2003]), and Giunta v Delta Intl. Mach. (300 AD2d 350 [2d Dept 2002]). Chavez (at 669), the most recent of these cases, cited Patino and Giunta for this proposition, and in Giunta (at 351), the Second Department held that a theory of liability that a "table saw should have been designed with an interlock which would have prevented the motor from starting if the blade guard was off. . . . was explicitly rejected as a matter of law in David v Makita U.S.A. (233 AD2d 145 [1st Dept 1996]), and implicitly rejected in Banks v Makita, U.S.A. (226 AD2d 659 [2d Dept 1996], lv denied 89 NY2d 805 [1996])."
However, we read neither David nor Banks as supporting Giunta's conclusion. In David (at 145-146), we held that the defendant should have been awarded summary judgment dismissing the design defect claim based on a claim related to a table saw's blade guard, but "in light of the description of the circumstances of the accident[,] we reject[ed the] defendant's argument that there was no question of fact as to whether a brake which would have automatically stopped the blade as soon as the saw was turned off would have prevented the accident." Similarly, the plaintiff in Banks was injured while using a power saw without a blade guard, and the Second Department held that the design defect claim based on the failure to permanently attach the blade guard to the saw should have been dismissed (see 226 AD2d at 660-661). Thus, neither David nor Banks rejected, either implicitly or explicitly, a design defect claim based on the absence of an interlock. To the extent Giunta held otherwise, and Patino and Chavez relied on that holding, we find "good reason to disagree" and to depart from the Second Department's precedent (Rojas v Romanoff, 186 AD3d 103, 115 [1st Dept 2020]), and hold that the lack of an interlock can support a design defect claim (see Sanchez v Martin Maschinenbau GmbH & Co., 281 AD2d 284, 285 [1st Dept 2001]).
Thus, defendants failed to establish their prima facie entitlement [*4]to summary judgment dismissing the design defect claim based on the lack of an interlock. Rather, they merely pointed to gaps in plaintiff's proof, which was insufficient to meet their initial burden (see generally e.g. Waverly Stores Assoc. v Waverly Mews Corp., 195 AD3d 482, 483 [1st Dept 2021]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022