■ BELKIZA DEMIROVSKI et al., Appellants, v SKIL CORPORATION et al., Respondents. [610 NYS2d 551] —In a products liability

action to recover damages for wrongful death, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered April 16, 1991, which, upon a jury verdict, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs in this products liability action seek to recover damages for the wrongful death of the plaintiffs' decedent, Sasa Demirovski, who met his death by electrocution while attempting to unclog a bathtub drain with an electric snake manufactured, distributed, and sold by the various defendants. The plaintiffs' theories of liability included defective design and inadequate warnings, which were substantiated at the trial by the plaintiffs' experts, and convincingly rebutted by the defendants' experts.

On appeal, the plaintiffs challenge the trial court's ruling accepting the defendants' concession as to the feasibility of an alternative design and additional warnings, but refusing to permit the plaintiffs to demonstrate that the manufacturing defendants had, subsequent to the accident, modified the design of the tool, and included more comprehensive warnings. We find, however, that the court's ruling was proper. In *Cover v Cohen* (61 NY2d 261, 270), the Court of Appeals reiterated that, in a strict products liability action based upon a design defect, or the failure to warn or adequately instruct concerning the use of a product, evidence of postmanufacture changes in design or warnings are not admissible to "establish fault". Moreover, while evidence of subsequent modifications "may be admissible * * * to establish feasibility" of altering the design, it "will not be admitted even for that purpose if the manufacturer concedes feasibility" *(Cover v Cohen, supra,* at 270). The plaintiffs' attempt to circumvent this rule by characterizing the omission of an enhanced warning label as a manufacturing defect was properly rejected by the court. First, the plaintiffs asserted this claim belatedly in the midst of trial. Further, the enhanced warning label was used by the defendants on a product which was not identical to the one used by the deceased at the time of his death. Moreover, the claim of a manufacturing defect must fail, because the plaintiffs were asserting a design defect *(see, Perazone v Sears, Roebuck & Co.,* 128 AD2d 15, 18).

We find unpersuasive the plaintiffs' contention that they were deprived of a fair trial by the trial court's conduct. The

trial court's interjections, albeit frequent, were designed to, and did, elicit and clarify facts material to the issues in the trial and expedite the progress of the trial *(see, LaMotta v City of New York,* 130 AD2d 627), and were made in an "even-handed, nonprejudicial" manner *(Vialva v City of New York,* 118 AD2d 701, 704). Further, while the court was, at times, intemperate, it did not evince "even a hint of prejudice" *(Coneys v City of New York,* 48 AD2d 651, 652).

Finally, the plaintiffs' claims relating to the court's instructions to the jury are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.