■ Eugene Liquori, Appellant, v Hollymatic Corp., Defendant and Third-Party Plaintiff-Respondent, et al., Respondent. 1142 Merrick Avenue Meat Corporation, Doing Business as Beef Barn, Third-Party Defendant. (And a Second Third-Party Action.) [646 NYS2d 886] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Kitzes, J.), dated November 1, 1994, which, upon a jury verdict in favor of, among others, Hollymatic Corp., dismissed the complaint against Hollymatic Corp., and (2) a judgment of the same court dated April 5, 1995, which, upon the jury verdict, dismissed the complaint against the defendant Eastern Store Equipment Co.

Ordered that the judgments are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured while using a "Hollymatic Hamburger Patty Machine". This machine contained a warning which stated "Keep hands from under guard". On May 16, 1989, the guard referred to in the warning broke off the machine. On May 19, 1989, the plaintiff was injured when his fingers got caught in the "mold plate". The ensuing action for money damages resulted in a verdict in favor of the defendants, the manufacturer and seller, respectively, of the machine in question. We affirm.

The plaintiff argues that the trial court erred in excluding certain evidence showing that, after the manufacturing of the machine at issue and before the accident, Hollymatic Corp. had made certain modifications in the design of the product. In light of the theories of liability advanced by the plaintiff, this evidence would have been admissible solely for the purposes of demonstrating the feasibility of alternative designs as of the time of manufacture, or in order to establish the manufacturer's failure to satisfy its continuing duty to warn of a known risk (see, Haran v Union Carbide Corp., 68 NY2d 710; Cover v Cohen, 61 NY2d 261; Demirovski v Skil Corp., 203 AD2d 319; Perazone v Sears, Roebuck & Co., 128 AD2d 15; Brandon v Caterpillar Tractor Corp., 125 AD2d 625).

While the defendants may not have conceded the feasibility of design alternatives in a formal sense, the record contains overwhelming and virtually uncontradicted proof of such feasibility. Any error in connection with the exclusion of evidence concerning post-manufacturer modification is not reasonably likely to have affected the jury's determination of this issue. Furthermore, in light of the plaintiff's disregard for existing warnings, there is no likelihood that the jury's rejection of the plaintiff's "failure to warn" theory was affected by any error in connection with the exclusion of this evidence. In sum, any error in the court's evidentiary rulings was harmless under the circumstances presented.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.