■ DONALD L. MACKNEY, Respondent, v FORD MOTOR COMPANY et al., Appellants. (And a Third-Party Action.) [673 NYS2d 718] —In an action to recover damages for personal injuries, the defendant Ford Motor Company and the defendants George Malvese & Co., Inc., s/h/a Malvese George & Co., Inc., and Malvese Tractor & Implement Co., Inc., separately appeal from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated March 24, 1997, as denied those branches of their respective motions for summary judgment which were to dismiss the causes of action based on negligence and strict products liability.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, those branches of the respective motions are granted, and the complaint is dismissed.

It is well settled that a manufacturer of a product may not be held liable for strict products liability or negligence where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which

substantially alters the product and where it is shown that the accident would not have occurred but for the subsequent modification (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532; *Robinson v Reed-Prentice Div.*, 49 NY2d 471, 479). Material alterations by a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility (*see, Robinson v Reed-Prentice Div., supra,* at 481).

It is undisputed that when the accident occurred, the plaintiff's employer, the third-party defendant, had bypassed the safety mechanism, a neutral safety starter switch, in order to operate the tractor involved in the accident which was manufactured by the defendant Ford Motor Company in 1968. It was this material alteration of the safety mechanism, allowing the tractor to start while in gear, which permitted the tractor to move and run over the plaintiff when he started the engine while standing beside it. It is also undisputed that the neutral safety starter switch was beneath the transmission cover, which was secured with 12 bolts. There is no contention that the accident would have occurred if the neutral safety starter switch had not been bypassed.

We reject the plaintiff's contention that this matter falls within the exception carved out by *Ayala v V & O Press Co.* (126 AD2d 229) and *Lopez v Precision Papers* (67 NY2d 871). In those cases, the safety features on the machines in question were designed to be removable and the machines were purposefully manufactured to permit their use in the absence of the safety features. To the contrary, the safety mechanism here, the neutral safety starter switch, was not designed to be removable or bypassed. Rather, it was defeated by a substantial material alteration (*see, Robinson v Reed-Prentice Div., supra,* at 475; *Wyda v Makita Elec. Works,* 232 AD2d 407). Under these circumstances, we find no support, beyond the plaintiff's conclusory assertion that the product was purposefully manufactured to permit its use with a bypassed neutral safety starter switch (*see, Darsan v Guncalito Corp.,* 153 AD2d 868; *Moore v Deere & Co.,* 195 AD2d 1044, 1045).

The plaintiff's further conclusory assertion, that the product was defectively designed because it did not have a seat switch interlock device, which would render the tractor inoperable if the guard were removed, is insufficient to raise a triable issue of fact (*see, Van Buskirk v Migliorelli,* 185 AD2d 587, 589; citing *Amatulli v Delhi Constr. Corp., supra,* at 532-533).

To the extent that the plaintiff's action is based on the theory that the machine was defective by virtue of the failure to display, on the tractor itself, the warnings of the danger of bypassing the neutral safety starter switch as well as the danger of starting the tractor while not seated in the driver's seat, the plaintiff has not come forward with evidentiary proof in admissible form sufficient to require a trial on this theory of liability (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.