■ STEPHEN KLEIN, Appellant, v HYSTER COMPANY, Defendant and Third-Party Plaintiff-Respondent, and MODERN HANDLING EQUIPMENT OF NEW YORK, INC., Respondent. U.S. LUMBER & SUPPLY CORP., Third-Party Defendant-Respondent. [680 NYS2d 583] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered August 15, 1997, which, *inter alia*, upon granting the motion of the defendant

Hyster Company pursuant to CPLR 4401 to set aside the jury verdict and for judgment in its favor as a matter of law, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff was injured when a load of lumber fell on his hand as he operated a forklift manufactured by the appellant Hyster Company (hereinafter Hyster) and sold by the defendant Modern Handling Equipment of New York, Inc. (hereinafter Modern). The plaintiff commenced the instant action to recover damages for personal injuries on the ground that the forklift was improperly designed, and based on breach of warranty. After trial on the issue of liability, the jury found: that there was a design defect in the forklift; that the defect was a substantial factor in causing the injury; that Hyster did not breach its warranty; that Modern was not negligent; and that the plaintiff was negligent in failing to exercise reasonable care and misusing the forklift. The jury also found that the defendant Hyster was 10% at fault in the happening of the accident, Modern was 0% at fault, the plaintiff was 30% at fault, and the third-party defendant, U.S. Lumber & Supply Corp., the plaintiff's employer, was 60% at fault. The trial court, *inter alia*, granted the motion of the defendant Hyster to set aside the jury verdict, explaining that the plaintiff had not shown proximate cause and therefore had failed to establish a prima facie case.

The courts may set aside a jury verdict upon a finding that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 133). Here, the plaintiff failed to show any causal connection between his injury and the allegedly defective design of the retaining pin in the forklift. The plaintiff admitted that he did not use either a retaining pin or a carriage bolt to lock the forks into place, even though he knew that without such a safety mechanism, the forks could and did move. Because he did not use the safety mechanism that came with the forklift, its purportedly defective design could not have caused the plaintiff's accident (*see, Denny v Ford Motor Co.,* 87 NY2d 248; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102).

The plaintiff contends that because the retaining pin is removable, it was foreseeable that the forklift would be operated without it. However, the forklift was not purposefully manufactured to allow its use without the retaining pin, rather the pin was removable in order to be able to adjust the forks (*see, Lopez v Precision Papers,* 67 NY2d 871; *Mackney v Ford*

*Motor Co.,* 251 AD2d 298; *Ayala v V & O Press Co.,* 126 AD2d 229).

Moreover, the trial court did not err in precluding the plaintiff's expert witness from testifying as to proximate cause because, in this instance, that connection did not require expert testimony but an understanding of the facts surrounding the accident (*see, Matott v Ward,* 48 NY2d 455).

In light of our determination, we need not address the plaintiff's remaining contentions. O'Brien, J. P., Joy and Friedmann, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment and reinstate the jury verdict on the issue of liability, with the following memorandum: The plaintiff was injured when a load of lumber fell on his hand as he operated a forklift manufactured by the defendant Hyster Company (hereinafter Hyster). After trial on the issue of liability, the jury found Hyster to be 10% at fault in the happening of the accident as a result of a design defect in the retaining pin of the forklift. The trial court set aside the jury verdict, holding that the plaintiff failed to establish that the design of the forklift was "in any manner improper or unreasonable".

Evidence was adduced at the trial that the retaining pin was defectively designed in that it would easily fall out, pop out, break, or be misplaced, allowing the blades of the forklift to slip. At the time of the accident, the plaintiff's employer had no replacement retaining pins on hand, and used carriage bolts instead. However, the carriage bolts would "pop out and they would either bend and [*sic*] jam up the fork".

According to the plaintiff's expert, it would have been entirely feasible to mount the pin integral to the machine so that it could not come out, be dropped, pop out, loosen, or get lost.

Evidence that the design of a product is not reasonably safe, and that it was feasible to design it in a safer manner, is sufficient to establish a design defect (*see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107; *cf., Banks v Makita, U.S.A.,* 226 AD2d 659). The question of whether, under all of the circumstances, a product is reasonably safe is generally a jury question (*see, Voss v Black & Decker Mfg. Co., supra,* at 110).

Hyster contends that the alleged design defect was not a proximate cause of the plaintiff's injuries based upon testimony that the plaintiff used the forklift without the retaining pin, with knowledge of the potential danger that the blades would slip. The majority concurs with that argument, holding that since the plaintiff used the forklift without this safety feature,

the defect in its design could not have constituted a proximate cause of the accident.

As the majority notes, a manufacturer generally cannot be held liable if a third party intentionally bypasses a safety feature (*see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533; *Neri v John Deere Co.,* 211 AD2d 915), unless the product is purposefully manufactured to permit its use without the safety feature (*see, e.g., Lopez v Precision Papers,* 67 NY2d 871). Substantial modification of a product by a third party after it leaves the manufacturer's hands to consciously bypass a built-in safety feature forecloses a finding of liability against the manufacturer, because the substantial modification constitutes a superseding cause of the accident (*see, Amatulli v Delhi Constr. Corp., supra*; *Robinson v Reed-Prentice Div.,* 49 NY2d 471). In the instant case, Hyster argues that the decision not to replace the retaining pin was a substantial modification.

In this case there is no evidence that the safety feature was bypassed or defeated by a "substantial material alteration" (*Mackney v Ford Motor Co.,* 251 AD2d 298, 299, *supra*). The evidence indicated that the safety device failed because of a design defect attributable to Hyster. The evidence does not indicate that the plaintiff or his employer did anything to bypass any safety devices.

The fact that a safety device broke prior to the accident and thus was not present at the time of the accident owing to a design defect is a valid theory of liability (*see, Liquori v Hollymatic Corp.,* 230 AD2d 893; *Hart v Hytrol Conveyor Co.,* 823 F Supp 87 [ND NY]). The plaintiff and his employer were negligent in failing to take steps to rectify the problem, but the problem was created by Hyster. Their failure properly goes to the issue of comparative fault, but does not foreclose a finding of liability against Hyster (*see, Voss v Black & Decker Mfg. Co., supra*, at 110, n; *see, Ramirez v Sears, Roebuck & Co.,* 236 AD2d 530). Their nonfeasance constitutes a concurrent, rather than superseding or intervening cause of the accident (*see, Martinez v Gouverneur Gardens Hous. Corp.,* 184 AD2d 264).

Based upon this evidence, the jury apportioned 90% of the fault in the happening of the accident to the plaintiff and his employer, and 10% of the fault in the happening of the accident to Hyster. It cannot be said that the apportionment of 10% of the fault in the happening of the accident to Hyster is not supported by the weight of the credible evidence (*see, Martinez v Gouverneur Gardens Hous. Corp., supra*).

The plaintiff's remaining contentions are without merit.