■ MICHAEL CONN et al., Respondents, v SEARS, ROEBUCK & COMPANY, Appellant. (Appeal No. 1.) [692 NYS2d 543] —Amended judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Michael Conn (plaintiff) injured his left hand at his place of employment while operating a table saw sold by defendant. As plaintiff was using the saw to cut a piece of plywood, the saw kicked the piece of wood into his stomach. When plaintiff reached forward to catch his balance, his hand came in contact with the blade of the saw. The pawls, which prevented objects from being kicked back at the operator of the saw, and blade guard had been removed prior to the accident. Plaintiffs commenced this products liability action alleging that defendant failed to warn users of

the dangers in operating the saw without the blade guard and that the blade guard and rip fence of the saw were defectively designed.

Supreme Court erred in denying that part of defendant's motion for summary judgment seeking dismissal of the claim of failure to warn. Plaintiff acknowledged that he read the instructional manual for the saw, which warned users not to operate the saw for ordinary cutting operations unless the blade guard was in place, and that he had been instructed by his supervisors not to use the saw unless the blade guard was in place. Because plaintiff was aware of the dangers in operating the saw without the pawls or blade guard, any warning to that effect would have been superfluous (*see, Liriano v Hobart Corp.*, 92 NY2d 232, 241-242; *Dickerson v Meyer Mfg.*, 248 AD2d 970, 971). The court also erred in denying defendant's trial motion to dismiss the remaining claims of design defect. Plaintiffs presented no evidence regarding a defect in the design of the blade guard for the table saw. With respect to the rip fence, which is used to keep the piece of wood in alignment with the blade of the saw, plaintiffs' expert opined that the saw was improperly designed because the set screw that tightened the rip fence into position was too small and could loosen during operation of the saw, thereby causing the rip fence to move. However, there is no proof that the rip fence or set screw were loose before plaintiff commenced the cutting operation or that either became loose during its operation. Plaintiff was 95% certain that he set the rip fence in place before he started to cut the wood. Plaintiff testified that, when the rip fence was locked into position, it was secure and would not move. Plaintiffs' expert testified that, if the rip fence was in a locked position before the accident, the set screw would not be loose and there would be no vibration to loosen it; that he did not know whether the set screw was loose at the time of the accident and, if so, whether it had anything to do with the accident; and that, if the set screw was not loose, his defective design theory would have nothing to do with the accident. There is no evidence from which the jury could reasonably infer that the set screw was loose at the time of the accident, and thus plaintiffs failed to establish that any defect in the design of the set screw was a proximate cause of the accident (*see, Klein v Hyster Co.*, 255 AD2d 425; *cf., Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 111). (Appeal from Amended Judgment of Supreme Court, Oswego County, Hurlbutt, J.— Negligence.) Present—Denman, P. J., Pine, Lawton and Balio, JJ.