■ JAMES N. DUNN, Respondent, v BLACK CLAWSON COMPANY, INC., et al., Appellants. [834 NYS2d 893]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 24, 2006 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his left hand was crushed after being drawn into a paper processing machine. Supreme Court properly denied those parts of defendants' motion for summary judgment seeking dismissal of the negligence and strict products liability causes of action. Those theories of liability are predicated on plaintiff's allegations that the machine was defectively designed and manufactured by defendants and that defendants failed to warn users of the dangers of the machine.

With respect to defective design and manufacture, the affidavit of plaintiff's expert submitted in opposition to the motion raises triable issues of fact concerning the origin of the machine and whether it had been substantially modified after it was manufactured (*cf. Baum v Eco-Tec, Inc.*, 5 AD3d 842 [2004]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

With respect to failure to warn, it is well settled that the "adequacy of the warning in a products liability case based on a failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial" (*Cooley v Carter-Wallace Inc.*, 102 AD2d 642, 642 [1984]). Here, defendants failed to establish that the danger that a worker's hand could become entangled in the paper and then drawn into the rolls of the machine is obvious as a matter of law (*see Frederick v Niagara Mach. & Tool Works*, 107 AD2d 1063 [1985]). Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.

■ SUZANNE BARRY, Individually and as Personal Needs/Property Management Guardian of JOSHUA J. HILL, an Incapac-