■ ROBERT SAPP, Appellant, v NIAGARA MACHINE AND TOOL WORKS, Now Known as NORTHLANDS, INC., et al., Defendants, and MACKWORTH G. REES DIVISION, AVIS INDUSTRIAL CORPORATION, et al., Respondents. [845 NYS2d 626]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered June 29, 2006 in a products liability action. The order, insofar as appealed from, granted those parts of the motion of defendants Avis Industrial Corporation, AIC Acquisition Corporation, now known as Avis Industrial Corporation, Rees, Inc., as successor in interest to Mackworth

G. Rees Division, and Rees, Inc. for summary judgment dismissing the sixth cause of action insofar as it alleges negligent design, manufacture or assembly of the dual palm button device and the seventh and eighth causes of action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, those parts of the motion for summary judgment dismissing the sixth cause of action insofar as it alleges negligent design, manufacture or assembly of the dual palm button device and dismissing the seventh and eighth causes of action are denied, and the sixth cause of action is reinstated to that extent and the seventh and eighth causes of action are reinstated.

Memorandum: Plaintiff commenced this products liability action seeking damages for injuries he sustained when a punch press unexpectedly cycled, amputating four fingers of his left hand. Plaintiff was employed by third-party defendant McQuay International as a press punch operator and, on the day of the accident, he was using the machine to press holes in metal blanks pursuant to a preset pattern. The punch press was designed to cycle only when two palm buttons, located approximately shoulder height and width apart, were pressed simultaneously. When both buttons were pressed, the punch ram descended, punched holes in the metal blank, and returned to a resting position until the two palm buttons were simultaneously pressed again. Plaintiff was wearing wrist harnesses that were attached to the punch press in such a way that his hands were automatically pulled away from the punching area as the punch ram descended to pierce the metal. At the time of the accident, plaintiff had placed a metal blank in the punch press and pressed both palm buttons to operate the ram. When the blank had been pierced, plaintiff reached into the punching area with his left hand to remove it, at which time the ram unexpectedly descended. A test of the punch press conducted immediately after the accident resulted in one other instance in which the machine improperly cycled, when the right hand palm button alone was pressed.

Plaintiff asserted in his amended complaint that, inter alia, the dual palm button device (hereafter, device) had been negligently designed, manufactured or assembled. Defendants-respondents (collectively, defendants) moved for, inter alia, summary judgment dismissing the amended complaint against them, and Supreme Court, inter alia, granted those parts of the motion for summary judgment dismissing the sixth cause of action insofar as it alleges negligent design, manufacture or assembly

of the device as well as the seventh and eighth causes of action. Plaintiff, as limited by his notice of appeal and brief, contends that the court erred in granting those parts of the motion.

We agree with plaintiff that the court erred in granting those parts of the motion with respect to the sixth cause of action insofar as it alleges negligent design or manufacture of the device and the seventh and eighth causes of action. Defendants failed to meet their "initial burden of establishing that there was no defect in the design or manufacture of the [device]" (*Lauber v Sears, Roebuck & Co.*, 273 AD2d 922 [2000]; *see also Taft v Sports Page Shop*, 226 AD2d 974, 976 [1996]). The submissions of defendants in support of their motion failed to address the condition of the device when it left the factory, and thus defendants failed to present evidence that the device was free of any defects when it was installed on the punch press (*see Terry v Erie Foundry Co.*, 235 AD2d 414, 415 [1997]; *see also Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 968 [2004]).

In support of their motion, defendants submitted the deposition testimony of an expert who examined the device after the accident and discovered one bent and broken wire in the wiring attaching the switch assembly to the punch press. In addition, he found black particulate matter inside the button's switch assembly housing, distributed throughout the cavity of the switch assembly and on the electrical connections located therein. Some of that black particulate matter fell out of the switch assembly housing when the top cover of the housing was removed and, when the expert attempted to measure the electrical resistance of the particles, they disintegrated. The president of defendant Rees, Inc. (Rees) testified at his deposition that the machine's malfunction was caused by the bent and broken wire connecting the switch assembly to the punch press, wiring for which Rees was not responsible. Even assuming, arguendo, that Rees may be deemed an expert, we conclude that his testimony does not negate the equally plausible theory that the malfunction was caused by the black particulate matter found on the electrical connections inside the switch assembly housing. Thus, we conclude that defendants failed to establish their entitlement to dismissal of the sixth cause of action insofar as it alleges negligent design or manufacture of the device and the seventh and eighth causes of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that, in any event, plaintiff raised a triable issue of fact with respect to those parts of defendants' motion by submitting, inter alia, the affidavit of an expert who stated that the malfunction of the left palm button was caused

by an electro-mechanical problem. In addition to noting the bent and broken wire attaching the switch assembly to the punch press, that expert concluded that the collection of black particulate matter found inside the switch assembly housing was "apparently conductive in nature . . . [and] likely responsible for the intermittent failure of operation" of the left palm button. The expert went on to state that "[t]he palm button design and switch housing allowed and permitted the collection of this particulate matter, which may be a collection of metallic particles from the manufacturing process, carbon by-products or other debris." Plaintiff thus presented sufficient evidence from which "a reasonable jury could conclude that plaintiff[ ] excluded all other causes of the [accident]" (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 43 [2003]).

Finally, we conclude that defendants may be found liable for defects in the switch assembly despite the fact that it was manufactured by a different company, and thus the court further erred in granting that part of defendants' motion with respect to the sixth cause of action insofar as it alleges negligent assembly of the device. The duty of a manufacturer with respect to a product that it places in the stream of commerce includes component parts used by the manufacturer in constructing that product (*see generally Mueller v Teichner*, 6 NY2d 903, 905-906 [1959]; *Smith v Peerless Glass Co.*, 259 NY 292, 294-295 [1932], *rearg denied* 259 NY 664 [1932]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.