■ LAURIE JOHNSON, Appellant, v DELTA INTERNATIONAL MACHINERY CORP. et al., Respondents. [876 NYS2d 577]—

Appeal from an order and judgment (one paper) of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered February 19, 2008 in a personal injury action. The order and judgment granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while using a 10-inch tilting arbor unisaw (Unisaw) allegedly manufactured by defendant Delta International Machinery Corp. and distributed by defendant Syracuse Industrial Sales Co., Ltd. At the time of the accident, the safety guard on the Unisaw had been removed, and plaintiff was performing a nonthrough cut without using a push stick. Defendants moved for summary judgment dismissing the complaint on the grounds that they had no duty to warn plaintiff and that there was no defect in the Unisaw. We conclude that Supreme Court erred in granting the motion.

Defendants failed to establish as a matter of law that they had no duty to warn plaintiff of the danger of using the Unisaw. Although "[t]here are hazards for which no warnings are required as a matter of law . . . 'because they are patently dangerous or pose open and obvious risks' " (*Gian v Cincinnati Inc.*, 17 AD3d 1014, 1016 [2005], quoting *Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]), "where reasonable minds might disagree as to the extent of plaintiff's knowledge of the hazard, the question is one for the jury" (*Liriano*, 92 NY2d at 241). In our view, although the danger of placing one's hand near a rapidly rotating saw may be viewed as open and obvious (*see e.g. Lamb v Kysor Indus. Corp.*, 305 AD2d 1083, 1084-1085 [2003]; *Banks v Makita, U.S.A.*, 226 AD2d 659, 660 [1996], *lv denied* 89 NY2d 805 [1996]), here plaintiff was not an experienced user of the Unisaw (*cf. Lamb*, 305 AD2d at 1084; *Banks*, 226 AD2d at 660), and she was not aware that the safety guard had been removed (*cf. Felle v W.W. Grainger, Inc.*, 302 AD2d 971, 972 [2003]; *Conn v Sears, Roebuck & Co.*, 262 AD2d 954, 955 [1999], *lv denied* 94 NY2d 755 [1999]; *Baptiste v Northfield Foundry & Mach. Co.*,

184 AD2d 841, 843 [1992]). Further, plaintiff's employer directed plaintiff not to use a push stick. We thus conclude that there are issues of fact whether the danger of using the Unisaw without a guard or a push stick was open and obvious to plaintiff.

We further conclude that there is a triable issue of fact whether the absence of an adequate warning was a proximate cause of the accident. Although the Unisaw had a warning label instructing operators of the saw to use a push stick for nonthrough cuts, the label was written in small print and it was located at knee level. Generally, the " 'adequacy of the warning in a products liability case based on failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial' " (*Dunn v Black Clawson Co., Inc.*, 38 AD3d 1212, 1213 [2007]; *see Liriano*, 92 NY2d at 241-242; *Nagel v Brothers Intl. Food, Inc.*, 34 AD3d 545, 547-548 [2006]). Even assuming, arguendo, that defendants established as a matter of law that the failure to warn plaintiff of the danger of using the Unisaw was not a proximate cause of the accident, we conclude that plaintiff raised a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In her affidavit in opposition to the motion, plaintiff averred that, had she been aware of the warning to use a push stick for nonthrough cuts, she would have used one despite her employer's directive not to do so.

We further conclude that defendants "failed to meet their 'initial burden of establishing that there was no defect in the design or manufacture of the [Unisaw]' " (*Sapp v Niagara Mach. & Tool Works*, 45 AD3d 1261, 1263 [2007]), inasmuch as they failed to submit evidence that the Unisaw "met all applicable industry standards for safety and was reasonably safe for its intended use when it was manufactured" (*Gian*, 17 AD3d at 1016; *cf. Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967 [2004]). Thus, the burden never shifted to plaintiff to raise a triable issue of fact with respect to the alleged defect in the Unisaw (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.