■ RUSSELL BARKER, Appellant, v MOBILE PALLET TRUCK, INC., Respondent. [897 NYS2d 562]—

Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 2, 2009 in a personal injury action. The order and judgment granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is modified on the law by denying the motion in part and reinstating the first cause of action and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when an approximately six-foot-high air compressor tipped off a pallet jack manufactured by defendant. At the time of the accident, plaintiff was helping his supervisor move the air compressor on the pallet jack without the benefit of an underlying pallet. We agree with plaintiff that Supreme Court erred in granting in its entirety defendant's motion seeking summary judgment dismissing the complaint, inasmuch as there is an issue of fact with respect to the first cause of action, for failure to warn, and we therefore modify the order and judgment accordingly (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A manufacturer . . . has a duty to warn of the danger of unintended uses of a product provided these uses are reasonably foreseeable" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]). In opposition to defendant's motion, plaintiff submitted the deposition testimony of the designer of the pallet jack who stated that the pallet jack was designed to move only those objects that are on pallets because an object moved without a pallet would be unstable. The designer further testified that any object over four feet high would also constitute an unstable load. Although the designer testified that he was aware that the pallet jacks at times were improperly used, the only relevant instruction on the warning label was to "[b]e extra careful when you handle wide or high loads." We agree with plaintiff that the general instruction was insufficient to provide adequate warnings concerning the dangers of moving oversized items or indeed, any items, without a pallet (*see generally Passante v Agway Consumer Prods., Inc.*, 12 NY3d 372, 380-382 [2009]).

The dissent concludes that any additional warning would have been superfluous inasmuch as plaintiff observed the unstable condition of the compressor on the pallet jack (*see Liriano*, 92 NY2d at 241-242). The record belies that conclusion, however, because plaintiff did not observe that the compressor appeared to be tilting until he and his supervisor had already begun to move the compressor without a pallet. Further, the compressor

began to fall less than a second after plaintiff noticed the instability, and he therefore had no time to avoid the accident. Thus, we cannot agree with the dissent that a specific warning concerning the dangers of moving oversized items or items without a pallet "would have added nothing to [plaintiff's] appreciation of the danger" (*id.* at 242). We therefore conclude on the record before us that there is an issue of fact whether, prior to the accident at issue in this case, plaintiff was aware of the dangers of moving equipment that constituted an unstable load prior to his attempt to do so (*see generally Dunn v Black Clawson Co., Inc.*, 38 AD3d 1212 [2007]).

All concur except Centra, J.P., and Carni, J., who dissent in part and vote to affirm in the following memorandum.

Centra, J.P., and Carni, J. (dissenting in part). We respectfully dissent in part because we disagree with the majority's conclusion that there is an issue of fact with respect to plaintiff's failure to warn cause of action. In our view, the majority erroneously concludes that plaintiff and his supervisor began to move the compressor simultaneously. Rather, the record establishes that plaintiff was safely standing in the doorway of the compressor room when his supervisor began moving the compressor on the pallet jack. Once plaintiff's supervisor realized that the load was unstable, he instructed plaintiff to "balance [the compressor] so that it didn't tip over" as the supervisor continued to move it. According to the deposition testimony of plaintiff, he also observed at that time that the compressor was "kind of shaky on the pallet jack." Thus, the record establishes that plaintiff was well aware of the unstable nature of the load while he was still in a safe location. Nonetheless, plaintiff then walked behind the compressor and positioned himself between the wall and the compressor in an attempt to stabilize the compressor, which he already knew was "shaky." According to his own deposition testimony, once he was behind the compressor and had placed himself in a position of peril, plaintiff further observed the compressor "tilting," "like it wanted to fall off." Contrary to the majority's conclusion, plaintiff's recognition that the compressor was unstable did not occur within a second of its fall. Instead, the compressor began to fall "less than a second" after plaintiff had observed its unstable nature from the doorway and already had moved across the room to his position *behind* the compressor—a position of peril in light of the known and progressive instability of the compressor. Thus, in our view, the record plainly establishes that plaintiff was fully aware of the unstable and "shaky" condition of the compressor load while he was in the doorway of the compressor room prior to his unfortunate attempt to "balance" it.

The majority also fails to acknowledge that, for the purpose of this appeal, defendant concedes that the warning label on the pallet jack was inadequate. Thus, the issue is not, as the majority concludes, whether the warning label was "insufficient." Instead, the issue is whether the concededly "insufficient" warning label was a proximate cause of plaintiff's injuries. We conclude on these facts that it was not, based on the "general knowledge, observation or common sense" of any reasonable person standing in the doorway of the compressor room (*Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]). A reasonable person would recognize from that vantage point that the unstable and "shaky" condition of the compressor load on the pallet jack would have the potential for further tilting, tipping or falling, and thus as a matter of law the absence of any warning label to that effect was not a proximate cause of plaintiff's injuries (*see id.*).

We therefore would affirm the order and judgment granting defendant's motion for summary judgment dismissing the complaint. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.