■ JOHN W. KARCZ, JR., et al., Respondents, v KLEWIN BUILDING COMPANY, INC., et al., Defendants, and R.B. U'REN EQUIPMENT RENTAL, INC., Appellant/Third-Party Plaintiff-Appellant. MADER CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. [909 NYS2d 608]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered June 19, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant/third-party plaintiff R.B. U'Ren Equipment Rental, Inc. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by John W. Karcz, Jr. (plaintiff) when his right arm was struck by a ceiling truss that he was attempting to lift up to a coworker standing on the aerial platform of a scissor lift. The scissor lift was owned by defendant/third-party plaintiff, R.B. U'Ren Equipment Rentals, Inc. (defendant), an equipment rental company, and leased to third-party defendant, Mader Construction Company (Mader), pursuant to a written agreement. Defendant commenced a third-party action against Mader seeking, inter alia, contractual indemnification. Defendant moved for summary judgment dismissing the complaint and the cross claim against it and for summary judgment on the

contractual indemnification cause of action. We conclude that Supreme Court properly denied that part of the motion with respect to the failure to warn claim against defendant because a triable issue of fact exists with respect thereto (*see generally Liriano v Hobart Corp.*, 92 NY2d 232, 243 [1998]; *Johnson v Delta Intl. Mach. Corp.*, 60 AD3d 1307, 1309 [2009]). We further conclude that the court properly denied that part of the motion with respect to the contractual indemnification cause of action because triable issues of fact exist concerning whether defendant was negligent in its failure to provide adequate warnings (*see generally Giglio v St. Joseph Intercommunity Hosp.*, 309 AD2d 1266, 1268 [2003], *amended* 2 AD3d 1485 [2003]). Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.