■  Kulwarn Singh, Respondent, v Gemini Auto Lifts, Inc., Appellant, et al., Defendant. [27 NYS3d 637]—

In an action to recover damages for personal injuries based on products liability, the defendant Gemini Auto Lifts, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered April 2, 2015, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly injured his hand while operating an automotive lift during the course of his employment at an automobile repair and body shop in Queens. He inadvertently placed one of his hands in an uncovered hole leading to an internal portion of the lift, and two of his fingers were caught in a pinch point created by moving parts inside the lift. Those two fingers were partially amputated.

The purpose of the hole was to permit adjustment of a safety latch inside the lift. Although the lift was originally shipped with a plastic cover over the hole, the cover was inexplicably absent. In the two weeks that he had worked at the shop, the plaintiff had never seen a cover on the hole and he never expected anyone to place a cover on the hole.

The plaintiff commenced this action alleging, among other things, that his injuries were caused by the defective design of the lift and because there were inadequate warnings regarding its use.

The defendant manufacturer, Gemini Auto Lifts, Inc. (hereinafter the manufacturer), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that removing the plastic cover constituted a post-sale modification rendering the otherwise safe product defective. The Supreme Court denied the motion.

Manufacturers may be held strictly liable for injuries caused by their products "because of a mistake in the manufacturing process, because of defective design or because of inadequate warnings regarding use of the product" (*Sprung v MTR Ravensburg*, 99 NY2d 468, 472 [2003]; *see Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107 [1983]). Furthermore, "[a] manufacturer has a duty to warn against latent dangers resulting from foreseeable

uses of its product[s] of which it knew or should have known" (*Liriano v Hobart Corp.*, 92 NY2d at 237).

Here, the manufacturer made a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the complaint as alleged products liability based upon a design defect. The manufacturer demonstrated that the lift was shipped with a plastic cover over the hole in the lift but the cover had been removed by the time of the accident (*see Hoover v New Holland N. Am., Inc.*, 23 NY3d 41, 54 [2014]; *Mackney v Ford Motor Co.*, 251 AD2d 298, 298-299 [1998]; *Alvarado v Martin Maschinebau GmbH & Co.*, 236 AD2d 345, 346 [1997]). The manufacturer further demonstrated, prima facie, that, if the cover were in place, it would have prevented the plaintiff from placing his hand or other body parts inside the lift while the lift was in operation (*see Hoover v New Holland N. Am., Inc.*, 23 NY3d at 54). However, in opposition, the plaintiff raised triable issues of fact as to whether the lift was defective at the time it was manufactured and sold, or whether a post-sale modification of the product rendered the otherwise safe product defective, and the modification was the proximate cause of the plaintiff's injuries (*see id.* at 56). Among other things, the plaintiff raised a triable issue as to whether the lift was intended to be used without the plastic cover in place (*see Lopez v Precision Papers*, 67 NY2d 871, 873 [1986]; *McAvoy v Outboard Mar. Corp.*, 134 AD2d 245, 246 [1987]).

With respect to the plaintiff's inadequate warning claim, the manufacturer failed to establish, prima facie, that it had adequately warned users of the hazards posed by operating the lift without the cover in place or, more broadly, the dangers of placing a hand or other body part in the hole while operating the lift (*see Liriano v Hobart Corp.*, 92 NY2d at 239-242; *cf. Rios v Rockwell Intl. Corp.*, 268 AD2d 279, 280 [2000]).

Accordingly, the Supreme Court properly denied that branch of the manufacturer's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.