Samyn v Ariens Co. (2019 NY Slip Op 08435)





Samyn v Ariens Co.


2019 NY Slip Op 08435


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-00628
 (Index No. 602767/13)

[*1]Jean-Luc Samyn, et al., appellants, 
v
Ariens Company, respondent.


Eisenberg & Baum, LLP, New York, NY (Sagar Shah of counsel), for appellants.
Bashwiner and Deer, LLC, New York, NY (Gregg Curry, pro hac vice, and Joseph A. Deer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered January 9, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On February 21, 2011, the plaintiff Jean-Luc Samyn (hereinafter the injured plaintiff) allegedly was injured while operating a snow thrower manufactured by the defendant. The injured plaintiff, who had purchased the snow thrower in 1983, released the clutch lever, turned off the engine and, approximately five seconds later, after no longer hearing noise coming from the machine, placed his right hand inside the discharge chute to dislodge a blockage. The injured plaintiff's fingers came into contact with the impeller blade, which was still rotating at a high speed, resulting in the amputation of two of his fingers. The snow thrower had a label listing various warnings, including a warning of "ROTATING PARTS" and to "[s]top engine and remove spark plug ignition wire before removing obstructions."
The injured plaintiff and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action to recover damages for personal injuries, asserting, inter alia, causes of action sounding in negligence and strict products liability. The plaintiffs alleged, among other things, that the snow thrower was defectively designed because the defendant failed to provide a "clean-out tool" to clear the discharge chute, and that the warnings on the snow thrower were inadequate because they failed to warn of the danger that the impeller could continue to rotate after the engine was turned off. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the snow thrower complied with applicable industry standards, that the injured plaintiff did not perform routine maintenance of the subject snow thrower, and that the owner's manual provided sufficient warnings, including warnings not to "put hands or feet near rotating parts" and to use a "broom handle" to dislodge an obstruction from the impeller. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.
"Manufacturers may be held strictly liable for injuries caused by their products [*2] because of a mistake in the manufacturing process, because of defective design or because of inadequate warnings regarding use of the product'" (Singh v Gemini Auto Lifts, Inc., 137 AD3d 1002, 1002-1003, quoting Sprung v MTR Ravensburg, 99 NY2d 468, 472; see Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106-107). Here, the defendant's submissions in support of its motion for summary judgment demonstrate the existence of triable issues of fact as to whether the snow thrower was defectively designed at the time it was sold, whether it was feasible to design it in a safer manner, and whether the defect was a substantial factor in causing the injured plaintiff's injury (see McDermott v Santos, 171 AD3d 1158; Singh v Gemini Auto Lifts, Inc., 137 AD3d at 1003; Cwiklinski v Sears, Roebuck & Co., Inc., 70 AD3d 1477, 1480; Milazzo v Premium Tech. Servs. Corp., 7 AD3d 586, 588). In support of its motion for summary judgment, the defendant submitted, among other things, the affidavit of the plaintiffs' expert, who opined, inter alia, that the failure to sell the snow thrower with a clean-out tool rendered the product defective and not reasonably safe. According to the plaintiffs' expert, a clean-out tool "would have been technologically and economically feasible to include with the snow [thrower] in 1983" since the defendant manufactured a clean-out tool costing approximately $20 that was sold in Germany in 1983 as part of a "safety kit." Based on the foregoing, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action sounding in negligence and strict products liability based on design defect.
The defendant also failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action premised upon a failure to warn. "A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known" (Liriano v Hobart Corp., 92 NY2d 232, 237; see Reece v J.D. Posillico, Inc., 164 AD3d 1285, 1287; Singh v Gemini Auto Lifts, Inc., 137 AD3d at 1002-1003). "A manufacturer also has a duty to warn of the danger of unintended uses of a product provided those uses are reasonably foreseeable" (Reece v J.D. Posillico, Inc., 164 AD3d at 1287-1288). "Issues regarding the adequacy of instructions or warnings . . . are generally inappropriate for summary judgment relief" (Haight v Banner Metals, Inc., 300 AD2d 356, 356; see DiMura v City of Albany, 239 AD2d 828, 829-830). Here, although the defendant submitted evidence that certain warnings were placed on the snow thrower and in the owner's manual, the defendant failed to establish, prima facie, that it adequately warned users that the impeller may continue to rotate after the engine is turned off (see Passante v Agway Consumer Prods., Inc., 12 NY3d 372, 382; Singh v Gemini Auto Lifts, Inc., 137 AD3d at 1003; Barker v Mobile Pallet Truck, Inc., 71 AD3d 1542, 1543; Milazzo v Premium Tech. Services Corp., 7 AD3d at 588). The defendant also failed to establish, prima facie, that the plaintiff was aware of the danger of putting his hand inside the discharge chute after turning off the engine, or that he would not have heeded more prominent or express warnings on the snow thrower (see Passante v Agway Consumer Prods., Inc., 12 NY3d at 382; Palmatier v Mr. Heater Corp., 163 AD3d 1192, 1196-1197; Garcia v Woodgrove Sales, Inc., 65 AD3d 516, 516-517).
In light of the defendant's failure to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court